H.G. BOSSLEY and Carole P. Bossley, Appellants,

v.

MARINER FINANCIAL GROUP, INC.; Joe F. Moore, Jr.; and Brokers Transaction Services, Inc., Appellees.

No. 01–98–00595–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 6, 2000.

Rehearing Overruled Feb. 18, 2000.

Don K. Leufven, Jim L. Garcia, Houston, for appellant.

Will S. Montgomery, Dallas, Norman T. Reynolds, James M. McGraw, Houston, for appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## OPINION

ERIC ANDELL, Justice.

This is an appeal of a summary judgment rendered for appellees, Mariner Financial Group, Inc., Joe F. Moore, Jr., and Brokers Transaction Services, Inc. Appellants, H.G. and Carole Bossley, contend there are genuine issues of material fact concerning their petition to vacate an arbitration award. We reverse.

### Facts

The Bossleys invested their retirement savings in accounts managed by the appellees. After the Bossleys incurred large losses, they alleged the appellees engaged in stock price manipulation. They sued the appellees for fraud and self-dealing. The claim was heard by a three-member securities arbitration panel sponsored by the National Association of Securities Dealers. The panel chairperson, A. Bentley Nettles, was selected to be a neutral public arbitrator.

Laila Asmar was one of the Bossleys' principal witnesses. She had been a witness in an earlier proceeding involving Nettles, but did not recall the details or discuss this with the Bossleys. Asmar's name was on a list of witnesses sent to

each of the proposed arbitrators. The Bossleys did not object to Nettles's selection as an arbitrator. Shortly after the arbitration was concluded, Asmar refreshed her recollection while reviewing some documents and discovered she had been deposed as an expert witness against Nettles in a legal malpractice suit in which Nettles was a defendant. Ultimately, the parties to that lawsuit settled confidentially and had the records sealed.

Asmar conveyed her discovery to the Bossleys; they sued to vacate the arbitration award based on "evident partiality." The Bossleys sought to compel production of the sealed documents from the previous case, but the trial court, after examining them in camera, denied the motion. The appellees moved for summary judgment, and the trial court granted the motion. The Bossleys present three issues on appeal: they contend the trial court erred in rendering summary judgment because there statutory grounds exist upon which to vacate the award; they argue the appellees did not plead or prove waiver; and they contend the trial court erred in denying their motion to compel production of the sealed lawsuit documents.

### Vacating the Arbitration Award

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Id.*

■ A person appointed as an arbitrator has a duty to disclose to each party, no later than 21 days after the appointment, "any information that might cause the person's impartiality or independence to be questioned." TEX. CIV. PRAC. & REM. CODE ANN. § 172.056(a) (Vernon Supp. 1999). A court shall vacate an arbitration award when there is "evident partiality"

by an appointed neutral arbitrator. TEX. CIV. PRAC. & REM.CODE ANN. § 171.041(a)(2) (Vernon 1997); *Burlington N. R.R. Co. v. TUCO, Inc.*, 960 S.W.2d 629, 629–30 (Tex. 1997). A neutral arbitrator exhibits evident partiality if he does not disclose facts that might, to an objective observer, create a reasonable impression of his partiality. *Id.* at 630. This evident partiality is established from the nondisclosure itself, regardless of whether the nondisclosed information establishes partiality or bias. *Id.* at 636. A neutral arbitrator need not disclose relationships or connections that are trivial, but should err in favor of disclosure. *Id.* at 637.

■ According to the guidelines governing arbitrations such as these, it is the arbitrator's burden to disclose information that may be perceived as reflecting evident partiality. To that end, a list of the parties and their witnesses are provided to the arbitrator before arbitration commences. In her affidavit, Asmar testified she gave a deposition in a malpractice case against Nettles in which she gave her expert opinion that Nettles had committed malpractice in seven different ways. Nettles received a list of witnesses before the hearing commenced, and Asmar's name was on that list. Thus, he had a duty to discover and disclose his connection to her. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 172.056. Nettles did not discover and disclose this fact, and it was one that might, to an objective observer, create a reasonable impression of his partiality.

■ The appellees argue the Bossleys did not object to the Nettles's selection before the panel convened, thus they have waived the right to object now. A party who does not object to the selection of the arbitrator or to any alleged bias on the part of the arbitrator at the time of the hearing waives the right to complain. *See Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 732 (5th Cir.1987). A party may not sit idly by during an arbitration procedure and then collaterally attack that pro-

cedure on grounds not raised before the arbitrator when the result turns out to be adverse. *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 232 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (citing *Marino v. Writers Guild of Am., East, Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993)). Implicit in this rule, however, is the idea that a party knows or has reason to know of an arbitrator's bias but remains silent pending the outcome of the arbitration. Such is not the case here.

Based on the reasonable inferences from their summary judgment evidence, it is clear the Bossleys had no reason to object to Nettles because they did not know of Asmar's connection to Nettles. Had they inquired, Asmar could not have enlightened them because her memory was triggered by an event that occurred after the arbitration concluded. Under these facts, we hold the Bossleys did not waive their objection. Moreover, the duty to inquire is the arbitrator's burden, not the party's burden.

■ The appellees also argue there was no evidence of bias. There need be no evidence of bias, however, only evidence of nondisclosure. *TUCO*, 960 S.W.2d at 630. To defeat summary judgment, the Bossleys' burden as the nonmovants was to raise a fact issue regarding Nettles's evident partiality. We hold that Asmar's affidavit and Nettles's acknowledgment that he did not disclose his relationship to Asmar are sufficient to raise such a fact issue.

We sustain issue one.

Although the Bossleys asked the trial court to include the sealed documents in the clerk's record to this Court, it did not do so. The trial court is now unable to locate the sealed documents for production. However, we are persuaded we need not examine these to render a judgment. Even if the motion to compel was denied erroneously, the settlement documents have no bearing on the issue of evident partiality. The connection between Net-

tles and Asmar is not rendered trivial by the amount of the settlement. It is the earlier adversarial relationship that matters, not how much or little money Nettles ultimately had to pay to settle the malpractice suit. Accordingly, we decline to rule on issue two.

The Bossleys and Brokers Transaction Services, Inc. have settled and we have dismissed the appeal between those parties. We reverse the summary judgment as to Mariner Financial Group, Inc. and Joe F. Moore, Jr., and remand the cause to the trial court.

Justice WILSON dissenting.

DAVIE WILSON, Justice, dissenting.

Today, the majority crosses a new threshold in requiring information to be disclosed by an arbitrator when the information is already known (even if not immediately recalled) by a litigant's expert witness. Because the majority seems to interpret the governing statute in a reflexive "bright line" manner, I respectfully dissent.

I would affirm the trial court's judgment because the trial judge could have determined the appellants, in the words of the statute, "had reason to know" of any bias and had therefore waived any complaint. Further, before making his ruling, the trial judge considered the settlement papers of the law suit from which the alleged bias arose. We have not done so, thus we decided the case on a different record than the trial court. By deciding this case without examining the settlement papers, we have deprived the appellees of the possibility that this Court would consider the relationship between the arbitrator and the expert witness trivial, thus unnecessary to disclose.

Accordingly, I dissent.