Robert L. MYER and Strider Marketing Group, Inc., Appellants,

v.

AMERICO LIFE, INC., Americo Financial Life and Insurance Annuity Company, Great Southern Life Insurance Company, The Ohio State Life Insurance Company, and National Farmer's Union Life Insurance Company, Appellees.

No. 05–08–01053–CV.

Court of Appeals of Texas, Dallas.

Oct. 22, 2009.

Rehearing Overruled July 30, 2010.

---

D. Douglas Brothers, Craig T. Enoch, Winstead Sechrest & Minick P.C., Peter E. Ferraro, The Ferraro Law Firm, P.C., Austin, TX, for Appellants.

Mike A. Hatchell, Locke Liddell & Sapp, LLP, John K. Schwartz, Barbara M. Ellis, Susan Kidwell, Austin, TX, Edwin R. De Young, Roger B. Cowie, Locke Liddell & Sapp, LLP, Dallas, TX, for Appellees.

Before Justices MOSELEY, O'NEILL, and MURPHY.

## OPINION

Opinion By Justice O'NEILL.

Appellants Robert L. Myer and Strider Marketing Group, Inc. (collectively referred to as appellants) and Americo Life, Inc., Americo Financial Life and Insurance Annuity Company, Great Southern Life Insurance Company, The Ohio State Life Insurance Company, and National Farmer's Union Life Insurance Company (collectively referred to as appellees) participated in arbitration. Appellants filed a petition with the district court to confirm the award, and appellees filed a motion to vacate or modify the award. The trial court denied appellants' motion to confirm the award and granted appellees' motion to vacate.

On appeal, appellants assert the trial court ignored rules of contract construction regarding whether the parties' arbitration agreement was ambiguous and whether an arbitrator can be disqualified by the American Arbitration Association (AAA). Further, they argue each of appellees' remaining challenges fails as a matter of law. The parties agree the Federal Arbitration Act applies to this dispute. We reverse and remand for further proceedings.

## Background

The parties acknowledge the facts are generally undisputed; therefore, we will discuss only those facts relevant to the arguments on appeal, rather than detailing the business dealings leading up to the arbitration.

Appellant Myer built a business platform for the sale and servicing of tax-sheltered insurance products. Myer sold the insurance companies to appellees in 1998. Appellees were unwilling to pay the full value up front, so the parties agreed to use "trailer agreements" as a financing mechanism. The parties entered into a new trailer agreement in October 1998, which contained, in part, the following arbitration clause:

> In the event of any dispute arising after the date of this Agreement among the parties hereto with reference to any transaction contemplated by this Agreement the same shall be referred to three arbitrators. Americo shall appoint one arbitrator and Myer shall appoint one arbitrator and such two arbitrators to select the third.... Each arbitrator shall be a knowledgeable, independent businessperson or professional. If either Americo or Myer refuses or ne-

glects to appoint an arbitrator within 30 days after receipt of the written request for arbitration, the initiating party may appoint a second arbitrator. . . .

Several controversies arose between the parties and in February of 2005, appellees filed a Demand for Arbitration and Complaint in Arbitration with the AAA. Appellees appointed Ernest E. Figari, Jr. as an arbitrator, and appellants appointed Rodney D. Moore. Appellants filed an objection to Figari under AAA rule R–17, which required that "any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and good faith." In March of 2005, a AAA case manager issued a decision disqualifying and removing Figari as arbitrator.

After the AAA removed Figari, appellees sent a letter to the AAA and appellants stating the following:

Americo will proceed to arbitrate this matter subject to and without waiving its objection to the AAA's decision and without waiver of the right to appeal any decision in this matter based on the erroneous removal of Mr. Figari as Americo's designated member of the Arbitration panel (citations omitted). Americo hereby places its standing objection to conducting this arbitration without Mr. Figari on the Panel.

Based on the running objection, appellees contend they were not required to do anything else to preserve their complaint. Appellees then appointed Richard A. Sayles as an arbitrator. The parties later agreed to the appointment of the third arbitrator.

The arbitration commenced on March 27, 2007 and a final award was rendered on June 29, 2007. The arbitrators reached a 3–0 decision in appellants' favor and awarded declaratory relief, $9.29 million in breach of contract damages, $15.8 million in damages for amounts wrongfully withheld under the new trailer agreement, and $1.29 million in attorneys' fees and costs.

On July 9, 2008, appellants filed a petition to confirm the arbitration award in the district court. Appellees later filed a motion to vacate or modify the arbitration award and argued the award was not by arbitrators appointed under the method required in the agreement and the panel exceeded its authority. On July 15, 2008, the trial court denied the motion to confirm and granted appellees' motion to vacate the arbitration award. In its conclusions of law, the trial court stated the AAA failed to follow the arbitration selection method contained in the first paragraph of section 3.3 of the new trailer agreement by not allowing appellees to appoint Figari, and because the award was not issued by a properly appointed and authorized panel, it was void and had no binding effect. The trial court did not consider appellees' remaining grounds for vacating the award because it concluded any remaining arguments were moot.

Appellants filed a motion to reconsider. The trial court denied the motion on September 8, 2008. This appeal followed.

## Discussion

We begin our analysis by considering appellants' contention that appellees waived the argument they made to the trial court—and now make on appeal—to sustain the trial court's order vacating the arbitration award because the argument was never presented to the arbitration panel or any other proper tribunal before appellees participated in the arbitration. Appellees respond they properly objected and notified the arbitration panel and appellants of their running objection to Figari's removal from the panel; therefore, the issue is properly preserved for our review. We agree with appellants.

After appellants objected to Figari, appellees responded by arguing appellants' objection was based on "the erroneous contention that Mr. Figari served as a non-neutral arbitrator" in two previous arbitrations involving the same parties; however, they alleged he served as a neutral arbitrator in both proceedings. They further argued the AAA rules allowed the parties to agree to use a non-neutral arbitrator, but they acknowledged the parties had not reached such an agreement.

Appellees cited to rule R–12(a), which provides that "[w]here the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of rule R–17 with respect to impartiality and independence...." AAA Rule R–12(a) (2003). Rule R–17(a) states an arbitrator must be impartial and independent and shall perform his duties with diligence and in good faith. *Id.* Rule R–17(a). An arbitrator is subject to disqualification for (i) partiality or lack of independence, (ii) inability or refusal to perform his or her duties with diligence and in good faith, and (iii) any grounds for disqualification provided by applicable law. *Id.* Appellees then contended "there is no evidence that Mr. Figari does not meet all of the requirements of Rule R–17(a)." Thus, under rule R–17(b) [1], appellees urged the AAA to over-rule appellants' objection to Figari serving on the arbitration panel.

After arbitration, appellees argued to the trial court the award should be vacated under section five of the Federal Arbitration Act because the award was not made by arbitrators who were appointed under the method provided in the trailer agreement. [2] In their brief in support of their motion to vacate the arbitration award, appellees further explained their argument to mean the trailer agreement did not require the party-appointed arbitrators to be "independent and *impartial.* Nor does the Agreement allow the AAA to disqualify a party's appointed arbitrator for partiality, bias, or any other basis." They continued to argue that because their right to select an arbitrator was governed by the standards in the trailer agreement, the impartiality standard set out in the AAA rules was inapplicable. Essentially, appellees argued to the trial court they had a right to a non-neutral arbitrator. This, however, is not the argument they raised to the AAA in response to appellants' objection to Figari.

In fact, they repeatedly argued to the arbitration panel that Figari was neutral and met the rules of impartiality and independence as required under rule R–17(a). They specifically stated "there is no evi-

---

1. Rule R–17(b) states "[u]pon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive." AAA Rule R–17(b).

2. Section five of the Federal Arbitration Act states the following:
   If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.
   9 U.S.C. § 5 (2009).

dence that Mr. Figari does not meet all of the requirements of Rule R–17(a)." At no time did they object or argue to the arbitration panel that they had a right to a non-neutral arbitrator that did not meet the requirements of independence and impartiality, nor have they cited us to any such record reference. Not until after the arbitration panel ruled against them did appellees then assert this new argument to the trial court.

As noted above, appellees did not raise the argument they now make on appeal to the arbitrating entity (AAA) or the arbitration panel prior to the arbitration proceeding. *See, e.g., Kendall Builders, Inc. v. Chesson,* 149 S.W.3d 796, 806 (Tex.App.-Austin 2004, pet. denied) ("A party may not sit idly by during an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrator when the result turns out to be adverse."); *Bossley v. Mariner Fin. Group, Inc.,* 11 S.W.3d 349, 351–52 (Tex. App.-Houston [1st Dist.] 2000), *aff'd,* 79 S.W.3d 30 (Tex.2002).

We acknowledge that rule R–17(a)(iii) allows the parties to agree in writing that arbitrators directly appointed by a party under rule R–12 shall be non-neutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence. AAA Rule R–17(a)(iii). However, both parties conceded at oral argument there is no document in the record showing the parties agreed to use a non-neutral arbitrator. Had the appellees asserted their alleged right to a non-neutral arbitrator to the AAA or the arbitration panel, the objection they later raised to the trial court might not have been waived, and thus available to sustain the trial court's holding in appellees' favor. However, on the record before us, appellees waived their argument that they were

entitled to appoint Figari as a non-neutral arbitrator. *Kendall,* 149 S.W.3d at 806; *Bossley,* 11 S.W.3d at 351–52.

Appellees contend the arbitration panel's authority to enter the award is a claim of fundamental error that cannot be waived and cite to a 1986 Second Circuit case. *See Avis Rent A Car Sys., Inc. v. Garage Employees Union, Local 272,* 791 F.2d 22 (2d Cir.1986). However, we are persuaded by the holding in *Brook v. Peak International, Ltd.,* 294 F.3d 668, 673 (5th Cir.2002), in which the court determined the "failure to file a clear written objection to a defect in the [arbitrator] selection process constitutes waiver." Because appellees failed to file a clear written objection to the arbitration panel regarding the defect they now complain about on appeal, their issue is waived.

Further, before proceeding to arbitration, appellees could have sought an order from a district court compelling arbitration before what they considered a properly selected arbitrator. *See* 9 U.S.C.A. § 4 (2009) ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction ... for an order directing that such arbitration proceed in a manner provided for in such agreement."); *Brook,* 294 F.3d at 673. This they failed to do.

Thus, we agree with appellants and conclude appellees waived the argument they made below regarding whether the panel was appointed in violation of the method provided for in the arbitration agreement. We sustain appellants' first issue. Because the trial court expressly stated in its findings of fact and conclusions of law that "because the Court has found that the Award is void and had no binding effect, the remaining grounds raised by Defen-

dants for vacating the Award are moot and, therefore, the Court has not reached them," we likewise will not consider them.

We reverse and remand to the trial court for further proceedings.