AMERICO LIFE, INC., Americo Financial Life and Annuity Insurance Company, Great Southern Life Insurance Company, The Ohio State Life Insurance Company, and National Farmers' Union Life Insurance Company, Petitioners,

v.

**Robert L. MYER and Strider Marketing Group, Inc., Respondents.**

No. 10–0734.

Supreme Court of Texas.

Dec. 16, 2011.

Mike A. Hatchell, Locke Lord LLP, Susan A. Kidwell, John Kenneth Schwartz, Barbara M. Ellis, G. Alan Waldrop, Locke Lord Bissell & Liddell LLP, Austin, TX, Edwin R. DeYoung, Roger B. Cowie, Locke Lord Bissell & Liddell LLP, Dallas, TX, for Petitioners.

Craig T. Enoch, Melissa Prentice Lorber, Enoch Kever PLLC, D. Douglas Brothers, Amy L. Saberian, George & Brothers L.L.P., Peter E. Ferraro, The Ferraro Law Firm, Austin, TX, for Respondents.

PER CURIAM.

This case concerns an arbitration provision that allows each party to appoint one arbitrator to a panel, subject to certain requirements. At issue is whether Americo Life, Inc. waived its objection to the removal of the arbitrator it selected. The underlying dispute concerned the financing mechanism for Americo's purchase of several insurance companies from Robert

Myer.[1] Pursuant to the financing agreement, Americo and Myer submitted their dispute to arbitration under American Arbitration Association (AAA) rules. The arbitrators found in favor of Myer, and Americo filed a motion to vacate the award. The trial court granted the motion. It held that Americo was entitled to any arbitrator that met the requirements set forth in the financing agreement and that the arbitrator removed by the AAA met those requirements. The court of appeals reversed, holding that Americo had waived these arguments by not presenting them to the AAA. Because the record demonstrates otherwise, we reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings.

The parties entered into a financing agreement for Americo's purchase of several insurance companies from Myer. This agreement provides that any disputes "shall be referred to three arbitrators." It further provides that "Americo shall appoint one arbitrator and Myer shall appoint one arbitrator and such two arbitrators to select the third." The financing agreement provides that each arbitrator "shall be a knowledgeable, independent businessperson or professional."

However, the contract also provides that, subject to exceptions not at issue here, the proceedings "shall be conducted in accordance with the commercial arbitration rules of the American Arbitration Association." At the time the parties entered into the financing agreement, the AAA rules provided that its "rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA." At the time of the demand for arbitration between the parties, the AAA rules provided that "[a]ny arbitrator shall be impartial and independent ... and shall be subject to disqualification for (i) partiality or lack of independence...."

Here, Myer argued to the AAA that Americo's selected arbitrator, Ernest Figari, Jr., was not impartial and therefore should be removed. Americo responded that Figari was, in fact, impartial. The parties dispute whether Americo additionally responded that its selected arbitrator need only meet the "independent" and "knowledgeable" requirements from the financing agreement.

The AAA agreed with Myer and removed Figari from the arbitration panel. Americo asserted a standing objection to the continuation of the arbitration without Figari. Americo also stated that it would proceed to arbitrate without waiving its objection and without waiver of the right to appeal any decision based on the removal of Figari. Americo subsequently selected another arbitrator.

The arbitration panel rendered a unanimous decision awarding Myer declaratory relief, breach of contract damages of $9.29 million, $15.8 million in damages for wrongfully withheld payments under the financing agreement, and $1.29 million in attorney's fees and costs. Myer filed a petition to confirm the award in the district court and Americo filed a motion to vacate or modify the award. Americo argued that, *inter alia*, the award was not made by arbitrators selected under the financing agreement's requirements and

---

1. Petitioners Americo Life, Inc., Americo Financial Life and Annuity Insurance Company, Great Southern Life Insurance Company, the Ohio State Life Insurance Company, and National Farmers' Union Life Insurance Company are referred to as Americo. Respondents Robert L. Myer and Strider Marketing Group, Inc. are referred to as Myer.

was therefore void.[2] The court granted Americo's motion to vacate and found that the AAA failed to follow the arbitration selection method contained in the financing agreement, that the AAA had no authority to strike Figari, and that the award was void because it was issued by an improperly appointed panel.

The court of appeals reversed. It held that:

> After arbitration, appellees argued to the trial court the award should be vacated under section five of the Federal Arbitration Act because the award was not made by arbitrators who were appointed under the method provided in the [financing] agreement. In their brief in support of their motion to vacate the arbitration award, appellees further explained their argument to mean the [financing] agreement did not require the party-appointed arbitrators to be "independent and *impartial.* Nor does the Agreement allow the AAA to disqualify a party's appointed arbitrator for partiality, bias, or any other basis." They continued to argue that because their right to select an arbitrator was governed by the standards in the [financing] agreement, the impartiality standard set out in the AAA rules was inapplicable. Essentially, appellees argued to the trial court they had a right to a non-neutral arbitrator. This, however, is not the argument they raised to the AAA in response to appellants' objection to Figari.

315 S.W.3d 72, 75 (Tex.App.-Dallas 2009, pet. filed) (emphasis in original) (footnote omitted).

We have held that "appellate courts should reach the merits of an appeal when-

ever reasonably possible." *Perry v. Cohen,* 272 S.W.3d 585, 587 (Tex.2008) (citing *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997)). Here, the record demonstrates that Americo argued to both the AAA and the district court that it was entitled to any arbitrator who met the requirements set forth in the financing agreement, regardless of the AAA's requirements.

In response to Myer's objection to Figari, Americo argued to the AAA that Figari was neutral. However, Americo also asserted:

> Finally, an argument can be made that the AAA rules do not govern the selection of and qualifications for arbitrators in this proceeding.... The Agreement states that "[e]ach arbitrator shall be a knowledgeable, independent businessperson or professional." ...

As long as Mr. Figari is "a knowledgeable, independent businessperson or professional," he is an acceptable designee for the arbitration panel hearing this matter, irrespective of the AAA rules.... Here, the parties' arbitration agreement plainly provides the method for selecting arbitrators for the three-person panel and establishes the qualifications for serving on the panel.... Mr. Figari possesses the requisite qualifications and the fact that he has served previously and is now serving as a member of a panel considering a dispute between some of these same parties does not change that fact. There has been—and can be—no allegation that Mr. Figari has been anything but knowledgeable and independent in his per-

---

**2.** Americo's motion to vacate or modify the award was pursuant to section five of the Federal Arbitration Act (FAA), which provides: "If in the agreement provision be

made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed...." 9 U.S.C. § 5.

formance on the panels in Myer I and Myer II.

Furthermore, Americo wrote the AAA again after the AAA removed Figari but before the arbitration, stating:

> [T]he AAA Commercial Arbitration Rules do not govern the selection of and qualifications for arbitrators to hear disputes between Americo and Myer.... The Agreement states that "[e]ach arbitrator shall be a knowledgeable, independent businessperson or professional."
>
> ...
>
> Mr. Figari is "a knowledgeable, independent businessperson or professional". Therefore, he is a proper designee for the Panel to hear this matter.

In addition, Americo's letter to the AAA cited *Brook v. Peak International, Ltd.*, which discusses the vacation of arbitration awards by arbitrators not appointed under the method provided by a contract and the preservation of such a complaint by presenting it during arbitration. 294 F.3d 668, 673 (5th Cir.2002). Americo reiterated this argument in the district court, stating that "the Award must be vacated under FAA § 5 and applicable law, because the Award was not made by arbitrators who were appointed under the method provided in the Agreement."

The court of appeals is correct that Americo did not expressly state that arbitrators were not required to be neutral. 315 S.W.3d at 75–76. However, Americo argued that the AAA requirements did not apply, that the only applicable requirements were that they be knowledgeable and independent businesspersons or professionals, and that Figari met these qualifications. Americo properly preserved this argument. Therefore, without hearing oral argument, Tex.R.App. P. 59. 1, we reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings consistent with this opinion.