MORSE, Judge:
*792 ¶1 Appellants Stefanie and Jeffery Fisher appeal a superior court order affirming an arbitration award in favor of Appellee USAA Casualty Insurance Co. ("USAA"). We agree that the Fishers failed to file a timely objection; therefore, their claim is waived, and we affirm the award.
FACTS AND PROCEDURAL HISTORY
¶2 The Fishers were involved in two low-speed car accidents within one week of each other in the summer of 2012. Following the accidents, Stefanie Fisher suffered increasingly severe back and neck pain. She sought medical treatment and eventually underwent surgery to fuse a herniated disc. Stefanie attributed the pain to the car accidents, and because the damages she claimed exceeded the insurance limits of the other drivers, she filed an underinsured motorist claim with her insurer, USAA. Pursuant to the underinsured motorist policy, the claim was submitted for arbitration before a single arbitrator.
¶3 The Fishers' original attorneys suggested the parties use arbitrator Alan Goldman, and USAA agreed. One day prior to the arbitration hearing, however, the Fishers' original counsel voiced concerns about Goldman's potential partiality. According to the Fishers, their counsel told them that Goldman often served as an arbitrator for Jones, Skelton & Hochuli ("JSH"), the law firm representing USAA, and that this business relationship with the firm could compromise his neutrality. Although counsel advised the Fishers to settle, they chose to go forward with arbitration.
¶4 The arbitrator heard testimony from experts for both sides. After weighing the evidence, he concluded that the low-impact collisions did not cause Stefanie's extensive injuries. Thus, the arbitrator did not award damages to the Fishers.
¶5 On December 8, 2016, through counsel, the Fishers filed a motion to reconsider with the arbitrator. The motion reiterated the evidence presented at the hearing but did not mention any concerns over the arbitrator's impartiality. The Fishers also demanded that their original counsel raise the issue of conflict of interest, which caused the attorneys to abruptly terminate their representation. Counsel's motion to withdraw stated that the Fishers were pushing them to take action that they considered unethical and repugnant.
¶6 On January 3, 2017, the Fishers filed a pro per motion for reconsideration with the arbitrator and raised the issue of partiality for the first time. After the arbitrator denied that motion for reconsideration, the Fishers retained new counsel and filed another motion to vacate the award due to the arbitrator's alleged conflicts of interest and lack of disclosure. In addition, the Fishers filed a motion to allow discovery to investigate the arbitrator's possible business relationship with JSH. The arbitrator did not rule on the two motions, and the Fishers filed a motion to vacate the arbitration award with the superior court.
¶7 With respect to the discovery issue, the court denied the Fishers' motion, reasoning that the issue of partiality may be waived, and case law does not support granting post-arbitration discovery. On the motion to reconsider, the court held further argument, and took the matter under advisement. In its subsequent ruling, the court found that the Fishers had waived their right to challenge the arbitrator's alleged bias because they knew about the arbitrator's relationship with opposing counsel prior to the arbitration but did not raise any objection before or during the arbitration hearing. The court went on to find that, even absent waiver, the Fishers failed to show evidence of partiality.
¶8 We have jurisdiction over the Fishers' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A).
DISCUSSION
¶9 Judicial review of an arbitration award is limited, as Arizona public policy favors arbitration to achieve a speedy and inexpensive disposition of disputes.
*793 Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc. , 229 Ariz. 503, 506, ¶ 13, 277 P.3d 208, 211 (App. 2012). A party challenging confirmation of an arbitration award has the burden of proving the existence of a statutory ground to vacate the award. Wages v. Smith Barney Harris Upham & Co. , 188 Ariz. 525, 530, 937 P.2d 715, 720 (App. 1997). We will affirm the confirmation of an arbitration award absent an abuse of discretion. Atreus Cmtys. Grp. , 229 Ariz. at 506, ¶ 13, 277 P.3d at 211.
¶10 Arbitrators must disclose existing or past relationships with any of the parties to the arbitration agreement or their counsel if a reasonable person would consider those relationships likely to affect the impartiality of the arbitrator. A.R.S. § 12-3012(A)(2). The Fishers argue that the arbitrator did not disclose an existing relationship with USAA's counsel and, citing A.R.S. § 12-3012(E), claim this showed evident partiality because a neutral arbitrator who "does not disclose ... a known, existing and substantial relationship with a party is presumed to act with evident partiality under § 12-3023, subsection A, paragraph 2."
¶11 Upon timely objection by a party, the superior court may vacate an arbitration award if an arbitrator did not disclose a substantial relationship with a party or counsel. A.R.S. § 12-3012(D). Arizona courts have not interpreted what constitutes a "timely objection" under this statute but Arizona's arbitration statutes are modeled on the Revised Uniform Arbitration Act ("RUAA"). See H.B. 2430, 49 Leg., 2d Reg. Sess. (Ariz. 2010). "Because AZ-RUAA substantially mirrors the [RUAA], we look to cases arising thereunder and to RUAA's commentary for guidance." Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Props., Inc. v. Robson , 231 Ariz. 287, 291, ¶ 8, 294 P.3d 125, 129 (App. 2012).
¶12 Commentary to the RUAA provides that "in order to preserve grounds to vacate an award," parties must object to possible partiality "within a reasonable period after the person learns or should have learned of the undisclosed fact." RUAA § 12, cmt. 4, available at http://www.uniformlaws.org/ (citing Bossley v. Mariner Fin. Grp., Inc. , 11 S.W.3d 349, 351 (Tex. Ct. App. 2000) ("A party who does not object to the selection of the arbitrator or to any alleged bias on the part of the arbitrator at the time of the hearing waives the right to complain.") ). In interpreting Washington's nearly identical statutory provisions, the Washington Court of Appeals held that a party "cannot wait to see whether the award is favorable before raising a challenge [to the arbitration] that it was aware of before the award was entered." S & S Constr., Inc. v. ADC Props. LLC , 151 Wash.App. 247, 211 P.3d 415, 421, ¶ 24 (2009) (alterations in original) (quoting Hanson v. Shim , 87 Wash.App. 538, 943 P.2d 322, 327 (1997) ).
¶13 Federal courts analyzing similar statutes have uniformly held that a party waives its right to seek vacatur of an arbitration award based on the conduct of the arbitrator if the party is aware of the facts and fails to object before or during the arbitration hearing. The approach adopted by the Sixth Circuit finds waiver is appropriate when the party knew all of the facts suggesting bias at the time of the arbitration hearing but failed to object. Apperson v. Fleet Carrier Corp. , 879 F.2d 1344, 1359 (6th Cir. 1989). Because of the "policy favoring the finality of arbitration awards," the Ninth Circuit has adopted a slightly broader approach in which waiver is appropriate "where a party to an arbitration has constructive knowledge of a potential conflict but fails to timely object." Fidelity Fed. Bank, FSB v. Durga Ma Corp. , 386 F.3d 1306, 1313 (9th Cir. 2004) (emphasis added). This broader approach to waiver is widely followed. See Goldman Sachs v. Athena , 803 F.3d 144, 147-48 (3d Cir. 2015) (adopting the Ninth Circuit's reasoning in Fidelity and noting conformity with the First, Second, and Eighth Circuits); Nordic PCL Constr. Inc. v. LPIHGC, LLC , 358 P.3d 1, 24 (Haw. 2015) (noting that waiver is appropriate where a party "has actual or constructive knowledge of a relationship of the arbitrator" but fails to raise a claim of partiality); Bossley , 11 S.W.3d at 352 (noting that waiver is appropriate where a "party knows or has reason to know of an arbitrator's bias but remains silent pending the outcome of the arbitration"); see also Health Servs. Mgmt. Corp. v. Hughes , 975 F.2d 1253, 1262-63 (7th Cir. 1992) (finding waiver where a party learned of prior business relations *794 between arbitrator and opposing party just prior to arbitration but did not object until the third day of a hearing); Bernstein Seawell & Kove v. Bosarge , 813 F.2d 726, 732 (5th Cir. 1987) (finding waiver where a party did not object prior to arbitration and the record refuted claims that evidence of partiality was newly discovered).
¶14 We agree that parties who know or have reason to know of possible partiality must raise an objection with the arbitrator during the course of the arbitration proceeding. The primary purpose of arbitration is "to provide an alternative to litigation so that the parties may obtain an inexpensive and speedy final disposition of the matter." Hamblen v. Hatch , 242 Ariz. 483, 491, ¶ 34, 398 P.3d 99, 107 (2017) (internal quotation marks omitted). It would defeat that primary purpose to allow parties to withhold such objections until after an unfavorable award. Ensuring "prompt, efficient, and inexpensive dispute resolution," S. Cal. Edison Co. v. Peabody W. Coal Co. , 194 Ariz. 47, 52, ¶ 17, 977 P.2d 769, 774 (1999), requires parties to raise objections to be handled by the arbitrator during the proceedings to avoid unnecessary and protracted litigation.
¶15 The Fishers argue that the superior court erred when it ruled that they waived their right to object to the arbitrator's alleged partiality. The Fishers contend that the arbitrator's failure to disclose his alleged relationship with JSH deprived the Fishers of the knowledge needed to object on the grounds of partiality during the arbitration proceedings. This argument is unpersuasive. The Fishers' opening brief admits that they had knowledge of a potential relationship between JSH and the arbitrator before the hearing, yet they chose to continue with the arbitration without raising an objection or requesting additional information from the arbitrator about prior JSH cases in which he had served as an arbitrator. See Fidelity Fed. Bank, FSB , 386 F.3d at 1313 (finding waiver where a party had knowledge of a potential conflict and failed to object prior to arbitration); cf. Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am. , 182 Ariz. 586, 588-89, 898 P.2d 964, 966-97 (1995) (noting that a cause of action accrues when the plaintiff "knew or reasonably should have known" of the events giving rise to the claim).
¶16 The Fishers also assert that the court improperly shifted the arbitrator's burden to disclose his relationship onto them and blamed them for the arbitrator's lack of disclosure. While an arbitrator has a duty to disclose non-trivial relationships with parties and clients, Commonwealth Coatings Corp. v. Cont'l Cas. Co. , 393 U.S. 145, 149, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), there is no evidence in the record to support the Fishers' contention that such a relationship in fact existed.
¶17 The Fishers argue that A.R.S. § 12-3012(E) entitles them to a presumption of partiality. The statute provides that an arbitrator is presumed to act with evident partiality if the arbitrator does not disclose "a known, direct and material interest in the outcome of the arbitration proceeding or a known, existing and substantial relationship with a party." A.R.S. § 12-3012(E) (emphasis added). The Fishers do not allege that the arbitrator had an interest in the outcome of the arbitration, nor that he had a relationship with either party; instead, they contend that the arbitrator worked as an arbitrator in other matters in which JSH attorneys served as counsel. However, the cases cited by the Fishers do not support the proposition that mere service as an arbitrator in other matters involving a party's counsel is sufficient to trigger a presumption of partiality. E.g. , Wages , 188 Ariz. at 528-29, 937 P.2d at 718-19 (describing alleged bias where the arbitrator had previously worked as an attorney for the parties who had litigated similar claims against the defendant). When a party challenges an arbitration award, the burden is on the moving party to prove that grounds for vacating the award exist. Id. at 530, 937 P.2d at 720 ; see also Sheet Metal Workers Int'l Ass'n Local Union No. 420 v. Kinney Air Conditioning Co. , 756 F.2d 742, 746 (9th Cir. 1985) (noting that the party alleging evident partiality must establish specific facts that indicate improper motives). The Fishers did not meet that burden.
¶18 The Fishers were aware of the alleged relationship between the arbitrator and USAA's counsel before the arbitration hearing, *795 yet they did not raise an objection either before or during the hearing. Instead, they waited to challenge the arbitrator's impartiality until after he handed down an unfavorable award and denied their motion for reconsideration. Thus, the Fishers did not file a timely objection, and their claim of partiality is waived.[1] The superior court did not abuse its discretion when it denied the Fishers' motion to vacate the arbitration award.
CONCLUSION
¶19 For the foregoing reasons, we affirm the superior court's denial of the motion to vacate the arbitration award. USAA requests an award of costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and -341.01. We award USAA its reasonable attorneys' fees and costs in compliance with ARCAP 21.

The Fishers also argue that the superior court erred in quashing their discovery requests. "Parties may obtain discovery regarding any nonprivileged matter ..." involved in the pending action. Ariz. R. Civ. P. 26(b)(1)(A). Because we find that the Fishers waived the underlying claim, which extinguished the pending action connected to the discovery request, we do not address the superior court's decision to quash.