Robert L. ZEPEDA, Appellant,

v.

Eugene L. GIRAUD & Margery F. Giraud, Appellees.

No. 04–93–00378–CV.

Court of Appeals of Texas, San Antonio.

June 29, 1994.

Pepos S. Dounson, San Antonio, for appellant.

David L. Willis, Jacobs, Willis & Wilkins, San Antonio, for appellees.

Before CHAPA, C.J., and RICKHOFF and HARDBERGER, JJ.

HARDBERGER, Justice.

Robert Zepeda seeks review by writ of error of a default judgment rendered against him and in favor of Eugene and Margery Giraud. In one counterpoint of error, Appellees allege that this court lacks jurisdiction to hear Zepeda's appeal by writ of error because he has already pursued an ordinary appeal from the same default judgment.

The trial court rendered the default judgment on December 14, 1992. Zepeda timely perfected an ordinary appeal from the default judgment by filing an appeal bond on January 13, 1993. This court dismissed Zepeda's appeal because he failed to file his transcript and statement of facts on time and his motion for extension to file the record was also untimely. *Zepeda v. Giraud,* No. 04–93–00148–CV (Tex.App.—San Antonio, March 24, 1993) (not published).

On April 26, 1993, Zepeda filed his petition for writ of error, bond, designation for transcript and request for written statement of facts in the trial court thus perfecting the appeal by writ of error. Zepeda now asks this court to review the default judgment by writ of error.

The right to appeal by writ of error to the court of appeals is provided by Civil Practice and Remedies Code section 51.012 which provides:

> In a civil case in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, a person may take an *appeal or writ of error* to the court of appeals from a final judgment of the district court or county court.

TEX.CIV.PRAC. & REM.CODE ANN. § 51.012 (Vernon 1986) (emphasis supplied). This code provision also establishes the right to take an ordinary appeal. It is clear that the statute establishes the right to take either an ordinary appeal *or* an appeal by writ of error. A litigant has the right to either an ordinary appeal or an appeal by writ of error but not both. *Id.*

■ This court has previously stated that a party may abandon an appeal and sue out a writ of error from the same judgment. *Alejo v. Pellegrin,* 616 S.W.2d 331, 333 (Tex.Civ. App.—San Antonio 1981, writ dism'd). The present case does not involve an abandoned appeal. Zepeda properly perfected his first appeal but failed to file his record on time and then compounded the error by failing to file his motion for extension of time within the deadline set out in Texas Rule of Appellate Procedure 54(c). Zepeda's appeal was dismissed for failure to file his record in accordance with the Texas Rules of Appellate Procedure. Zepeda did not abandon his appeal, in fact Zepeda argued that his late filed transcript should be considered pursuant to Texas Rule of Appellate Procedure 5(b)(4). Therefore, the rule concerning abandoned appeals does not apply.

In *Houtex Managing General Agency, Inc. v. Hardcastle*, 735 S.W.2d 520 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), the court held that an appellant's attempted direct appeal from a default judgment, which was dismissed for lack of jurisdiction because the appeal bond was filed late, did not constitute an appeal so as to deprive the appellate court of jurisdiction to subsequently review the default judgment by writ of error. The *Houtex* court stated that "[i]t is well settled that a party suffering a default judgment may perfect an appeal, or abandon it and pursue his statutory rights under the writ of error." *Id.* at 521.

The instant case involves neither an abandoned appeal nor a failure to perfect an appeal. Zepeda perfected his appeal and pursued the appeal, albeit unsuccessfully, to the end. Zepeda is not entitled to a second bite at the apple.

This appeal is dismissed for want of jurisdiction.