ACCEPTED
01-14-00870-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/29/2015 2:45:22 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00870-CV

In the Court of Appeals
For the First District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/29/2015 2:45:22 PM

CHRISTOPHER A. PRINE
Clerk

Elishah Sawyers; Pax Crate & Freight, Inc.;
and Robin Sawyers,

Appellants

vs.

Mark Carter and Sally Carter,

Appellees

Appeal from the 506th Judicial District Court
of Waller County, Texas
Trial Court Cause No. 14-07-22604

## AMENDED REPLY BRIEF OF APPELLANTS, ELISHAH SAWYERS, PAX CRATE & FREIGHT, INC., AND ROBIN SAWYERS

**Mr. Scott Rothenberg**
**State Bar No. 17316750**
**Law Offices of Scott Rothenberg**
**2777 Allen Parkway, Suite 1000**
**Houston, Texas 77019-2165**
**scott@rothenberglaw.com**
**telephone: (713) 667-5300**
**telecopier: (713) 667-0052**
*Counsel for Appellants,*
*Robin Sawyers,*
*Elishah Sawyers, and*
*Pax Crate & Freight, Inc.*

**Oral Argument Requested**

# Table of Contents

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

Objection to the Carters' Statement of Facts. . . . . . . . . . . . . . . . . . . . .   2

Reply to the Carters' First "Issue Presented". . . . . . . . . . . . . . . . . . . .   3

Reply to the Carters' Second "Issue Presented". . . . . . . . . . . . . . . . . . .   16

Absence of Elishah Sawyers' Signature on the Certified Mail Receipt. . .   20

No Date and Time Shown that Process was Received for Service. . . . . .   22

No Proper Service on Pax Crate - Incorrect Name and No Return. . . . . .   23

No Citation on Elishah and Robin Sawyers - Incorrect Address. . . . . . .   25

No Accurate Description of What Pleading was Served. . . . . . . . . . . . .   26

No File Mark on Robin and Elishah Returns of Service = No Service. . . .   28

The Order Granting Default Judgment is Interlocutory. . . . . . . . . . . . . .   32

Legally and Factually Insufficient Evidence Supports Damages. . . . . . . .   34

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   34

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   35

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   36

# Index of Authorities

**Cases**                                                                                   **Page**

*Americo Life, Inc. v. Myer*,
     356 S.W.3d 496 (Tex. 2011) (*per curiam*). . . . . . . . . . . . . . . . . . . . . . . 9

*Benefit Planners, L.L.P. v. RenCare, Ltd.*,
     81 S.W.3d 855 (Tex.App.—
     San Antonio 2002, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Bentley v. Bunton*,
     94 S.W.3d 568 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Blackburn v. Citibank (South Dakota) N.A.*,
     2006 WL 1629770, No. 05-05-01082-CV
     (Tex. App.– Dallas 2006, no pet.) (mem. op.). . . . . . . . . . . . . . 29, 30

*Chandler v. Reder*, 635 S.W.2d 895
     (Tex. App.– Amarillo 1982, no writ). . . . . . . . . . . . . . . . . . . . . . . . . 33

*Disco Machine of Liberal Co. v. Payton*,
     900 S.W.2d 71 (Tex. App.–
     Amarillo 1995, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Frazier v. Dikovitsky*,
     144 S.W.3d 146 (Tex. App.–
     Texarkana 2004, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Garcia v. Kastner Farms, Inc.*,
     774 S.W.2d 668 (Tex. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gilstrap v. Calley*,
     2004 WL 2812881 (Tex. App.–
     Houston [14th Dist.] 2004, no pet.) (mem. op.). . . . . . . . . . . . . . . 7, 8

*Gonzales v. Terrell*, 2015 WL 1735370,
No. 01-14-00711-CV (Tex. App.–
Houston [1st Dist.] April 14, 2015,
no pet. hist.) (mem. op.).. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Harris County v. Miller*,
576 S.W.2d 808 (Tex.1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hone v. Hanafin*,
104 S.W.3d 884 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Houston Precast, Inc. v. McAllen Constr., Inc.*,
No. 13–07–135–CV, 2008 WL 4352636
(Tex.App.— Corpus Christi Sept. 25, 2008, no pet.). . . . . . . . . . . . 18

*Ins. Co. of State of Pennsylvania v. Lejeune*,
297 S.W.3d 254 (Tex. 2009) (*per curiam*). . . . . . . . . . . . . . . . . . . 23

*Jones v. Griege*, 803 S.W.2d 486
(Tex. App.– Dallas 1991, no writ).. . . . . . . . . . . . . . . . . . . . . . . . 32

*Landagan v. Fife*,
No. 01-13-00536-CV, 2014 WL 2809813
(Tex. App.– Houston [1st Dist.]
June 19, 2014, no pet.) (mem. op.). . . . . . . . . . . . . . . . . . . . . 17, 26

*Lefton v. Griffith*, 136 S.W.3d 271
(Tex. App.– San Antonio 2004, no pet.).. . . . . . . . . . . . . . . . . . . . 31

*Master Capital Solutions Corp. v. Araujo*,
2015 WL 268876, No. 08-13-00327-CV
(Tex. App.– El Paso, January 21, 2015, no pet. hist.). . . . . 17, 18, 19

*McGraw–Hill, Inc. v. Futrell*,
823 S.W.2d 414 (Tex.App.—
Houston [1st Dist.] 1992, writ denied). . . . . . . . . . . . . . . . . . . . . . 18

*Memorial Hospital of Galveston Cty. v. Gillis*,
741 S.W.2d 364 (Tex. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meshwert v. Meshwert*,
549 S.W.2d 383 (Tex. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Min v. Avila*, 991 S.W.2d 495
(Tex.App.– Houston [1st Dist.] 1999, no pet.). . . . . . . . . . . . . . . . 16

*N. Carolina Mut. Life Ins. Co. v. Whitworth*,
124 S.W.3d 714 (Tex.App.– Austin 2003, pet. denied). . . . . . . . . . 16

*Nueces Cnty. Hous. Assistance, Inc. v. M & M Res. Corp.*,
806 S.W.2d 948 (Tex.App.– Corpus Christi 1991, writ denied). . . . 17

*Palavan v. McCulley*,
2015 WL 1544520,
No. 01-14-00604-CV (Tex. App.–
Houston [1st Dist.] April 2, 2015,
no pet. hist.) (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Perry v. Cohen*,
272 S.W.3d 585 (Tex. 2008) (*per curiam*). . . . . . . . . . . . . . . . . . . . 9

*Primate Constr, Inc. v. Silver*,
884 S.W.2d 151 (Tex. 1994) (*per curiam*). . . . . . . . . . . . . . 17, 22, 28

*Quaestor Invs., Inc., v. State of Chiapas*,
997 S.W.2d 226 (Tex. 1999) (*per curiam*). . . . . . . . . . . . . . . . 10, 11

*Royal Surplus Lines Ins. Co. v. Samaria Baptist Church*,
840 S.W.2d 382 (Tex. 1992) (*per curiam*). . . . . . . . . . . . . . . . . . . 26

*RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*,
2014 WL 3107663, No. 01-13-00933-CV
(Tex.App.– Houston [1st Dist.] 2014, pet. dism'd). . . . . . . . . . . . . . 9

*Saenz v. Fid. & Guar. Ins. Underwriters*,
   925 S.W.2d 607 (Tex. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Stephenson v. Corporate Services, Inc.*,
   650 S.W.2d 181 (Tex. App.–
   Tyler 1983, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Smith v. U.S. Auto. Acceptance 1995–1, Inc.*,
   No. 05–98–00061–CV, 2000 WL 375249
   (Tex.App.— Dallas April 13, 2000, no pet.) (mem. op.). . . . . . . . . . 18

*Uvalde Country Club v. Martin Linen Supply Co.*,
   690 S.W.2d 884 (Tex. 1985) *(per curiam)*. . . . . . . . 17, 20, 21, 25, 26

*Verburgt v. Dorner*,
   959 S.W.2d 615 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . 8, 11, 12

*Weeks Marine, Inc. v. Garza*,
   371 S.W.3d 157 (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wray v. Papp*,
   434 S.W.3d 297 (Tex. App.–
   San Antonio 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Zepeda v. Giraud*,
   880 S.W.2d 833 (Tex. App.–
   San Antonio 1994, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

**Statutes and Rules**                                                 **Page**

Tex. R. App. P. 4.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

Tex. R. App. P. 9.4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Tex. R. App. P. 26.1(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

Tex. R. App. P. 26.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

Tex. R. App. P. 29.5(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. R. Civ. P. 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

Tex. R. Civ. P. 99(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Tex. R. Civ. P. 99(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tex. R. Civ. P. 106. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. R. Civ. P. 106(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Tex. R. Civ. P. 107(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tex. R. Civ. P. 107(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

Tex. R. Civ. P. 107(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Tex. R. Civ. P. 107(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29, 30, 31

Tex. R. Civ. P. 108. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. R. Civ. P. 108a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Tex. R. Civ. P. 124. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Tex. R. Civ. P. 165a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. R. Civ. P. 306a(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

Tex. R. Civ. P. 306a(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

**No. 01-14-00870-CV**

---

In the Court of Appeals
For the First District of Texas
Houston, Texas

---

Elishah Sawyers; Pax Crate & Freight, Inc.;
and Robin Sawyers,

Appellants

vs.

Mark Carter and Sally Carter,

Appellees

---

Appeal from the 506th Judicial District Court
of Waller County, Texas
Trial Court Cause No. 14-07-22604

---

**AMENDED REPLY BRIEF OF APPELLANTS, ELISHAH SAWYERS,
PAX CRATE & FREIGHT, INC., AND ROBIN SAWYERS**

---

**TO THE HONORABLE FIRST COURT OF APPEALS:**

Appellants, Elishah Sawyers, Pax Crate & Freight, Inc., and Robin Sawyers, file this, their Amended Reply Brief of Appellants in the above-captioned and numbered appeal. In support thereof, Elishah Sawyers, Pax Crate & Freight, Inc., and Robin Sawyers would respectfully show this Honorable Court as follows:

## Objection to the Carters' Statement of Facts

On page 5 of their Brief of Appellees, the Carters incorrectly tell this Court "The Appellants acknowledge that they timely e-filed answers to the petition on August 4, 2014; however the purported answers are not part of the trial court's record." Brief of Appellees at 5.

The undersigned has not found any representation by Appellants that they "timely e-filed answers" on August 4, 2014. The Sawyers testified that they "believed that" an answer had been e-filed on behalf of the three defendants on August 4, 2014, because a legal assistant told them that she had e-filed the answer on August 4, 2014. Sworn Affidavits of Elishah and Robin Sawyers at 2-3. A representation that the Sawyers "believed that" the answer had been e-filed is not the same as a representation that the answer was, in fact, e-filed.

On page 5 of their brief, the Carters tell this Court that "[t]he notice of submission advised that *the motion* would be presented on September 11, 2014 without the necessity of an oral hearing unless demand for one was made." (emphasis added). However, the September 4, 2014 notice of submission states that the "Motion for Default Judgment" (which was filed on August 21, 2014, CR 36-37) would be presented to the Court for ruling and

not the "Amended Motion for Default Judgment" that was filed on September 3, 2014. CR 49, 43-44.

This is not a distinction without a difference. The Motion for Default Judgment expressly admits that the damages sought are unliquidated, and therefore "requests a hearing to establish the amount of damages and a court reporter to record the proceedings." CR 36. The Amended Motion for Default Judgment, which was filed with the trial court but which was not submitted to the trial court– CR 43-44, 49– omits the Carters' admission that the damages sought are unliquidated. Thus, the only motion submitted to the trial court admitted that the Carters' damages were unliquidated and required proof.

### Reply to the Carters' First "Issue Presented"

In their first "issue presented," the Carters contend that this Court lacks jurisdiction over this appeal because the Sawyers' and Pax Crate's notice of appeal was untimely and their notice of restricted appeal is both untimely and impermissible. Brief of Appellees at 8.

The Carters presented these issues for the Court's consideration in their November 17, 2014 motion to strike the Sawyers' and Pax Crate's notice of appeal, in their March 18, 2015 motion to strike the Sawyers' and Pax Crate's notice of appeal, and their April 7, 2015 motion to strike the Sawyers'

and Pax Crate's notice of restricted appeal. The Sawyers and Pax Crate ask the Court to take judicial notice of those three motions, which are contained in this Court's file in this appeal.

This Court denied the Carters' jurisdictional complaints in its orders dated November 24, 2014 (stating, in relevant part, "Appellees Marc and Sally Carter's motion to strike appellant's notice of appeal is **DENIED**."), and April 23, 2015 (stating, in relevant part, "Please be advised that the Court today **DENIED** Appellee's Motion to Strike in the above-referenced cause."). The Sawyers and Pax Crate ask the Court to take judicial notice of those two orders, which are contained in this Court's file in this appeal.

The Carters' Brief of Appellee offers no new reasons for striking either the Sawyers and Pax Crate's notice of appeal or their notice of restricted appeal.

The previously-filed Sworn Affidavits of Elishah P. Sawyers, Robin Sawyers, and Rita Curtis contain reasonable explanations why the October 27, 2014 notice of appeal was not filed within thirty (30) days of the date that the trial court signed the September 12, 2014 "Order Granting Default Judgment." To refresh the Court's recollection, the Sawyers and Pax Crate informed the Court through sworn affidavits that the first notice of any that

-4-

Elishah Sawyers, Robin Sawyers, Rita Curtis and Pax Crate & Freight, Inc., had regarding the signing of the Order Granting Default Judgment was received by Elishah Sawyers by telephone and email on October 22, 2014.

As a result of all of the foregoing, there are three sequential inquiries that are appropriate for this Court.

First, is the September 12, 2014 "Order Granting Default Judgment" a final, appealable judgment, or an interlocutory order? This Court's answer to that question directly impacts its jurisdiction over this appeal.

If the September 12, 2014 "Order Granting Default Judgment" is determined to be an interlocutory order, then the correct disposition would be to dismiss both the original appeal (pursuant to the October 27, 2014 notice of appeal), and the restricted appeal (based on the March 27, 2015 notice of restricted appeal) for lack of a final, appealable judgment. *See Gonzales v. Terrell*, 2015 WL 1735370, No. 01-14-00711-CV (Tex. App.– Houston [1ˢᵗ Dist.] April 14, 2015, no pet. hist.) (mem. op.); *Palavan v. McCulley*, 2015 WL 1544520, No. 01-14-00604-CV (Tex. App.– Houston [1ˢᵗ Dist.] April 2, 2015, no pet. hist.) (mem. op.). This would allow the Sawyers and Pax Crate to file timely and appropriate post-judgment motions in the trial court without any concern for violating Texas Rule of Appellate Procedure 29.5(b) or otherwise

infringing upon this Court's appellate jurisdiction.

If the September 12, 2014 "Order Granting Default Judgment" is determined by this Court to be a final, appealable judgment, then the next question is whether or not the Sawyers and Pax Crate provided this Court with a "reasonable explanation" regarding the late filing of their October 27, 2014 notice of appeal. If they did, then the March 27, 2015 Notice of Restricted Appeal is neither necessary or appropriate, and should be properly dismissed.

The Carters contend that the Sawyers and Pax Crate cannot provide a "reasonable explanation" for late-filing a notice of appeal if they could have, but did not, take advantage of the procedures set forth in Texas Rule of Appellate Procedure 4.2 and Texas Rules of Civil Procedure 306a(4) and 306a(5). Brief of Appellees at 8, 10-15. This argument is flawed for several different but related reasons.

First, neither Appellate Rule 4.2 nor Rules 306a(4) and (5) is couched in mandatory language. That is, neither of the rules states that a litigant who receives late notice of the signing of a judgment **must** or **shall** take advantage of the procedures set forth therein.

Second, the Carters' Brief of Appellees contains misleading language. On the bottom of page 11, the Carters state with underlined emphasis:

"Compliance with the provisions of rule 306a is a jurisdictional prerequisite." They cite to *Memorial Hospital of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987), as authority for that proposition. Brief of Appellees at 11.

What *Gillis* actually says is that if a trial court dismisses a lawsuit for want of prosecution and a litigant files a motion to reinstate under Rule 165a, that motion must be filed in the trial court within thirty days after the date of judgment or within the appropriate time period under Rule 306a(4) if the proper showing is made in the trial court to entitle the litigant to Rule 306a(4) relief: "Compliance with the time periods prescribed by these rules is a jurisdictional prerequisite. Unless a party establishes in the manner prescribed by the rule that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's power to reinstate a cause after dismissal expires thirty days after the order of dismissal is signed. *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979)." *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987). The appeal before this Court has nothing to do with motions to reinstate pursuant to Texas Rule of Civil Procedure 165a. Therefore, *Gillis* simply does not apply.

The Carters cite *Gilstrap v. Calley*, 2004 WL 2812881 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (mem. op.), for the proposition that a

litigant's failure to take advantage of the procedure afforded under Texas Rule of Appellate Procedure 4.2 and Texas Rule of Civil Procedure 306a(4) and (5) automatically disqualifies that litigant from receiving an extension of time pursuant to Texas Rule of Appellate Procedure 26.3 as a matter of law. Brief of Appellees at 13. But that is not what *Gilstrap* says.

First, in *Gilstrap*, the appellant filed her notice of appeal fourteen months after the deadline for doing so, and not within the fifteen day window after signing of the judgment. "This is an attempted appeal from a judgment, signed June 11, 2003. No motion for new trial was filed. Appellant's notice of appeal was filed on October 4, 2004." Opinion at 1. Thus, even if the *Gilstrap* court were inclined to do so, it could not apply the 15-day implied request for extension of time set forth in *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997), as this court can. Opinion at 1. This fact alone establishes that *Gilstrap* should not be relied upon as support for the Carters' position in this appeal.

Second, the relief afforded under Rule 306a(4) and Rule 306a(5) would have done *Gilstrap* no good given that she filed her notice of appeal fourteen months too late. Therefore, the *Gilstrap* court's discussion of Rule 306a(4) is nothing more than mere dictum and should not be relied upon.

This narrow reading of *Gilstrap* is supported by the Supreme Court of Texas' recent string of repeated pronouncements that appellate courts should construe the procedural rules in such a manner as to reach the merits of appeals whenever possible. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (*per curiam*). *See also Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012); *Americo Life, Inc. v. Myer*, 356 S.W.3d 496, 498 (Tex. 2011) (*per curiam*).

The Sawyers and Pax Crate provided this Court with a "reasonable explanation" for why they did not file their notice of appeal within thirty days of September 12, 2014. They did so by sworn affidavit testimony establishing that they received no notice of the September 12, 2014 "Order Granting Default Judgment" until October 17, 2014.

> A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (*quoting Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). We apply a liberal standard of review, under which "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." Id. at 886 (*quoting Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

*RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 2014 WL 3107663, at *2, No. 01-13-00933-CV (Tex.App.– Houston [1ˢᵗ Dist.] 2014, pet. dism'd). The

Carters have attempted to transmute this standard into requiring the Sawyers and Pax Crate providing a reasonable explanation for why they did not seek trial court relief under Texas Rule of Appellate Procedure 4.2 or Texas Rule of Civil Procedure 306a. The undersigned has found no reported authority requiring appellants to assume or satisfy such a burden under the procedural circumstances presented in this appeal.

The Carters also attack the Sawyers' and Pax Crate's notice of restricted appeal. Only one set of circumstances exists that would make it necessary for the Court to adjudicate the restricted appeal that was perfected from the "Order Granting Default Judgment."

If this Court: (a) finds that the September 12, 2014 "Order Granting Default Judgment" is a final, appealable judgment **and** (b) this Court finds that the Sawyers and Pax Crate did not provide this Court with a "reasonable explanation" regarding the late filing of their October 27, 2014 notice of appeal, then the March 27, 2015 Notice of Restricted Appeal would be both necessary and appropriate.

In seeking to strike the Sawyers' and Pax Crate's notice of restricted appeal, the Carters rely upon *Quaestor Invs., Inc., v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (*per curiam*). They rely upon *Quaestor* as

authority for the proposition that "the six-month time limit" for the filing of a restricted appeal "is mandatory and jurisdictional." Brief of Appellees at 9. The *Quaestor* opinion plainly does say that on its face.

However, *Quaestor* is readily distinguishable from the facts presented in this case. In *Quaestor*, the appellant sought to file its restricted appeal (then called a "writ of error" under the existing procedures), more than eight months after the six-month period for the filing of a restricted appeal/writ of error had expired. Of course, no procedural mechanism existed at the time of the *Quaestor* opinion– or even at the present time– to extend the deadline for filing a restricted appeal/writ of error by eight months after the six-month period for filing such an appeal had elapsed.

But that is not what we have in this case. In this case, the Sawyers and Pax Crate filed their notice of restricted appeal within fifteen days of the expiration of the six-month period set forth in Texas Rule of Appellate Procedure 26.1(c). Therefore, the Sawyers and Pax Crate have available to them the implied motion for extension of time described by the Supreme Court of Texas in *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). As such, this case is procedurally far closer to *Wray v. Papp*, 434 S.W.3d 297 (Tex. App.– San Antonio 2014, no pet.), than it is to *Quaestor*.

In *Wray*, the appellant filed a restricted appeal on June 14, 2013– six months and one day after the final divorce decree had been signed. The court of appeals noted that Tex. R. App. P. 26.3 permits an extension of time to file a notice of restricted appeal if the notice is filed within fifteen days after the deadline for filing a notice of restricted appeal. The court further noted that "[a] motion for extension of time is implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period." *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.– San Antonio 2014, no pet.) *(citing Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997)). After determining that the appellant's explanation for the late filing was satisfactory, the Court concluded that Wray's notice of appeal was timely-filed within the extension period, and proceeded to adjudicate the merits of the appeal.

This Court disposed of jurisdictional issues raised by the Sawyers' and Pax Crate's late-filing of the October 27, 2014 notice of appeal when this Court overruled the Carters' November 17, 2014 motion to strike that notice of appeal as untimely in an order dated November 24, 2014.

The Carters' present appellate counsel, Mr. Tough, has been counsel of record in the case since January 15, 2015. However, it was not until more

than two months after that date that Mr. Tough saw fit to reassert the jurisdictional issue that had been put to rest by this Court's November 24, 2014 order– more than three months earlier. Perhaps coincidentally, Mr. Tough just happened to resurrect and reassert that jurisdictional complaint a mere six days after the expiration of the six-month period after the trial court signed its "Order Granting Default Judgment."

Simply put, if the undersigned had been aware that the Carters' counsel intended to belatedly attack this Court's November 24, 2014 order overruling the Carter's motion to strike the October 27, 2014 notice of appeal as untimely-filed, the undersigned would have filed the Notice of Restricted Appeal within the time period set out in Texas Rule of Appellate Procedure 26.1(c), assuming– and this is a big assumption– that time period has even begun to run in this case.

The Carters' reliance upon *Zepeda v. Giraud*, 880 S.W.2d 833, 834-35 (Tex. App.– San Antonio 1994, no pet.)– Brief of Appellees at 9-10– is similarly misplaced. The Carters include a parenthetical description of what occurred in *Zepeda* after the citation to that case on page 10 of their brief. The Carters state in their explanatory parenthetical as follows: "An appeal by writ of error from a default judgment in a civil suit was dismissed for want of

jurisdiction because appellant had previously perfected an ordinary appeal, which was dismissed by the court and not abandoned by appellant." Brief of Appellees at 10.

The above-referenced language does not appear in the *Zepeda* opinion. But more important than that is a fact that **was** present in *Zepeda* that may, or may not, be present in this case.

In *Zepeda*, the court of appeals was very careful to point out that the appellant "timely perfected an ordinary appeal from the default judgment." *Zepeda v. Giraud*, 880 S.W.2d 833, 834 (Tex. App.– San Antonio 1994, no pet.). Of course, if the appellant in *Zepeda* timely perfected an ordinary appeal, there would be no need whatsoever for the filing of a restricted appeal.

In the present case, the Carters have contended that the Sawyers' and Pax Crate's original notice of appeal from their ordinary appeal should be dismissed because it was untimely filed. Brief of Appellants at 8, 10-15.

The Sawyers and Pax Crate did not file their March 27, 2015 notice of restricted appeal because they want this Court to adjudicate both their ordinary appeal and the restricted appeal. In a perfect world, this Court would find that the trial court's September 12, 2014 "Order Granting Default

-14-

Judgment" is an interlocutory order and not a final, appealable judgment. If this Court were to issue such a ruling, then the Sawyers and Pax Crate would be free to file further motions with the trial court, including but not limited to timely post-judgment motions. It is only in the event that this Court does not make that finding (interlocutory order vs. final, appealable judgment) that the ordinary appeal perfected on October 27, 2014 would need to be adjudicated by this Court.

Further, the restricted appeal would only need to be adjudicated if this Court: (1) decides not to dismiss this appeal on the ground that the September 12, 2014 "Order Granting Default Judgment" is a non-appealable interlocutory order; and (2) finds that the Sawyers and Pax Crate failed to provide a reasonable explanation for the late-filing of their October 27, 2014 notice of appeal.

In order to determine whether the Sawyers' and Pax Crate's notice of appeal was untimely filed, this Court must first determine whether or not a final and appealable judgment was ever signed by the trial court. For if it was not– and the September 12, 2014 "Order Granting Default Judgment" is an interlocutory order– then the Sawyers' and Pax Crate's notice of appeal and notice of restricted appeal could never be late. This is true because the

deadlines for filing a notice of appeal and the deadline for filing a notice of restricted appeal are both tethered to signing of a final, appealable judgment, which has not yet occurred in the underlying case.

**Reply to the Carters' Second "Issue Presented"**

On pages 15 and 16 of their Brief of Appellees, the Carters provide this Court with a lengthy string citation to opinions– some of which are a quarter-century old– from other intermediate courts of appeals. In the aggregate, these cases arguably support a standard of review in default judgment cases that 'close enough is good enough to support entry of a default judgment.' But this Court knows that is not the correct standard of review for service of process in cases disposed by no-answer default.

The Sawyers and Pax Crate rely upon this Court's statement of the applicable standard of review from less than one year ago:

> A trial court cannot render a judgment against a defendant unless he has been properly served, he has accepted or waived service of process, or he has made an appearance. See Tex.R. Civ. P. 124; *Sozanski*, 394 S.W.3d at 604. There is no presumption of proper service on direct appeal. *Sozanski*, 394 S.W.3d at 604; *Min v. Avila*, 991 S.W.2d 495, 499 (Tex.App.– Houston [1st Dist.] 1999, no pet.). Instead, the record must affirmatively show strict compliance with the rules for service of process. *Sozanski*, 394 S.W.3d at 604; *N. Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 719 (Tex.App.– Austin 2003, pet. denied) ("[A] default judgment should stand only if the plaintiff has strictly complied with all requirements for service."). Failure to

affirmatively show strict compliance with the rules of civil procedure governing service of citation renders the attempted service of process "invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) *(per curiam)*; *Nueces Cnty. Hous. Assistance, Inc. v. M & M Res. Corp.*, 806 S.W.2d 948, 949 (Tex.App.– Corpus Christi 1991, writ denied) ("The failure of the record to show strict compliance with the rules governing issuance, service, and return of citation will generally void attempted service and require the default judgment to be set aside."); *see also Primate Constr, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (stating that return of service is not "a trivial, formulaic document"). "Virtually any deviation from the statutory requisites for service of process will destroy a default judgment." *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex.App.– Texarkana 2004, no pet.).

*Landagan v. Fife*, No. 01-13-00536-CV, 2014 WL 2809813, at *3 (Tex. App.– Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.).

The Carters contend that the Sawyers' admission that they "thought" they had timely e-filed an answer on August 4, 2014 for the three Appellants creates an "irrefutable inference that Appellants, without stating in so many words, had been served and did not dispute the propriety of service on them." Brief of Appellees at 17. Well-established Texas law holds otherwise.

In *Master Capital Solutions Corp. v. Araujo*, 2015 WL 268876, No. 08-13-00327-CV (Tex. App.– El Paso, January 21, 2015, no pet. hist.), the plaintiffs obtained a default judgment against Master Capital Solutions Corp. ("Master Capital"). Master Capital filed a motion for new trial in which it

acknowledged that it "was served, but did not timely answer." Opinion at 1. The Appellees contended that Master Capital "waived its complaint of defective service because it judicially admitted in its motion for new trial and at the hearing on the motion that it was duly served." Opinion at 3.

The El Paso Court of Appeals disagreed:

> Here, Master Capital did not waive its complaint concerning defective service by conceding the issue because. . . .Master Capital admitted receipt of the lawsuit, not that it was "duly served." Although Master Capital stated in its motion for new trial that it was "served," it did not admit any of the underlying facts that would show that it was served in accordance with the rules of civil procedure or applicable law. . . . *Houston Precast, Inc. v. McAllen Constr., Inc.*, No. 13–07–135–CV, 2008 WL 4352636, at *2 n. 21 (Tex.App.— Corpus Christi Sept. 25, 2008, no pet.)(counsel's statement at hearing that his client "was served on November 2nd" was not a judicial admission that defendant was duly served); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 861 (Tex.App.— San Antonio 2002, pet. denied)(statements in affidavit that agent for service of process "was served with process" and "was personally served" were not judicial admissions of proper service); *Smith v. U.S. Auto. Acceptance 1995–1, Inc.*, No. 05–98–00061–CV, 2000 WL 375249, at *1–*2 (Tex.App.— Dallas April 13, 2000, no pet.) (statements in affidavit that defendant "was served" were not judicial admissions of proper service because defendant did not admit to any of the underlying facts that would show service complied with the rules); *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 417–18 (Tex.App.— Houston [1st Dist.] 1992, writ denied)(statements in motion removing case to federal court that defendant "was served with process" and received a copy of the initial pleading were not judicial admissions of being "duly served").

-18-

The statements made in Master Capital's motion for new trial, in Ferrice's affidavit, and at the hearing on the motion reflect actual knowledge of the pendency of the suit, and the actions taken by Ferrice on Master Capital's behalf were consistent with that knowledge. But these actions are irrelevant in the absence of proper service. This is because actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render a default judgment. *Wilson*, 800 S.W.2d at 836–37. Accordingly, the trial court erred in granting a default judgment against Master Capital.

*Master Capital Solutions Corp. v. Araujo*, 2015 WL 268876, No. 08-13-00327-CV at *4 (Tex. App.– El Paso, January 21, 2015, no pet. hist.).

The facts in the present case are even more favorable to the Sawyers and Pax Crate than the facts present in *Master Capital*. As quoted by the Carters, the Sawyers testified only that they "found out" that the Carters "filed the Lawsuit through their attorney." Brief of Appellees at 17-18. This is not an admission of having been "duly served" in compliance with applicable Texas Rules of Civil Procedure, or even of having been served at all. The quoted-language is equally consistent with a trip down to the courthouse and discovering the lawsuit in question as it is a representation of having been duly served in accordance with all applicable rules. In case any doubt exists, the Sawyers and Pax Crate deny that they were duly served in accordance with the applicable Texas Rules of Civil Procedure.

Based upon the foregoing, the Sawyers and Pax Crate did not waive

any contention regarding inadequacy of service in this appeal.

**Absence of Elishah Sawyers' Signature on the Certified Mail Receipt**

In the second issue on appeal, the Sawyers and Pax Crate informed the Court that valid certified mail service on Elishah Sawyers is not demonstrated by the record in this appeal. This is so because Elishah Sawyers did not sign the certified mail green card that was addressed to him. Brief of Appellants at 24, CR 34. Texas Rule of Civil Procedure 107(c) states that when a citation is served by registered or certified mail, the return by the officer "must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c).

In response, the Carters suggest that the trial court and this Court may "presume" that Robin Sawyers "intended to sign as her husband's agent." Brief of Appellees at 19. However, such a presumption is prohibited both as a matter of well-established Texas law, and as a matter of the record in this appeal.

In contrast to the usual rule that presumptions will be made in support of a judgment, when examining a default judgment, courts accord no presumption of valid issuance, service, or return of citation. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (*per*

*curiam*).

Based upon the foregoing, the Carters' invitation to this Court to presume that Robin Sawyers signed "as her husband's agent" is improper as a matter of law.

Three additional reasons negate any possible presumption that Robin Sawyers signed "as her husband's agent." First, the record contains no evidence whatsoever that **on the date of the alleged service by certified mail** Robin Sawyers was married to Elishah Sawyers. No such representation is found in the Carters' live pleading or the documents attached thereto, or otherwise in the trial court record. Second, the certified mail citation in this appeal does not purport to serve Elishah Sawyers, "by and through his agent, Robin Sawyers." CR 32. It purports to serve Elishah Sawyers, individually, by certified mail. CR 32. Finally, when service is performed by certified mail, Texas Rule of Civil Procedure 107(c) requires that the officer's return contain "the return receipt with the addressee's signature." The rule does not say, "the signature of the addressee **or his agent**."

The Carters contend that Elishah Sawyers' failure to dispute "his wife's authority to sign as his authorized agent" somehow turns invalid service into valid service. That argument incorrectly turns the applicable burden of proof

on its head. The party prevailing in the trial court bears the burden to prove service of process was proper. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (*per curiam*). If the record fails to show strict compliance with the applicable requirements relating to the issuance, service, and return of citation, the attempted service of process is invalid and of no effect. *Wilson*, 800 S.W.2d at 836. Thus, Elishah Sawyers' alleged failure to dispute "his wife's authority to sign as his authorized agent" is irrelevant for purposes of establishing the Carters' failure to establish proper service on Elishah Sawyers by certified mail.

### No Date and Time Shown that Process was Received for Service

In the third issue on appeal, the Sawyers and Pax Crate informed the Court that valid certified mail service was not obtained on Elishah Sawyers or Robin Sawyers because the two returns of service addressed to them fail to state on their face the date and time that the process was received for service as expressly required by Texas Rule of Civil Procedure 16 and 107(b)(4). Brief of Appellants at 26-27. CR 32-34.

The Carters respond that based upon other documents in the clerk's record, "[i]t is irrefutable that the clerk delivered the service documents to the US Mail Service between July 11th and 14th." Brief of Appellant at 20.

The Carters cite to no authority whatsoever to demonstrate adequacy of service through application of this so-called "irrefutable presumption." The Sawyers and Pax Crate cite to the plain wording of Texas Rule of Civil Procedure 16, Texas Rule of Civil Procedure 107(b)(4), and the Supreme Court of Texas' opinion in *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (*per curiam*) to demonstrate the inadequacy of the Carters' alleged service on Elishah Sawyers and Robin Sawyers by certified mail in this case ("Here, although Lejeune served Insurance Co. by certified mail, the record shows that the return of citation lacks the required notation showing the hour of receipt of citation. Lejeune's default judgment, therefore, cannot stand.").

**No Proper Service on Pax Crate - Incorrect Name and No Return**

In the fourth and fifth issues on appeal, the Sawyers and Pax Crate informed the Court that valid service was not obtained on Pax Crate & Freight, Inc., because no return of service demonstrates service on any defendant other than Elishah Sawyers or Robin Sawyers, and the only citation addressed to any defendant other than Elishah Sawyers and Robin Sawyers is directed to Pax Crate & Freight, and not Pax Crate & Freight, Inc. Brief of Appellants at 27-30.

In response, the Carters rely upon *Stephenson v. Corporate Services, Inc.*, 650 S.W.2d 181 (Tex. App.– Tyler 1983, writ ref'd n.r.e.). On page 21 of their Brief of Appellees, the Carters purport to quote language from the *Stephenson* opinion. The language purportedly quoted does not exist in the *Stephenson* opinion.

Even if the quoted-language did appear therein, *Stephenson* is plainly distinguishable from the facts presented in this case. In *Stephenson*, the petition and citation were both addressed to the proper defendant: Franklin National Corp., Ltd. The return of service showed service upon Franklin National Corp (without no "Ltd."). The *Stephenson* court held that where the citation and petition were addressed to the properly named defendant, it was of no consequence that the return of service failed to include "Ltd.," at the end of the corporate defendant's name. *Stephenson v. Corporate Services, Inc.*, 650 S.W.2d 181, 183 (Tex. App.– Tyler 1983, writ ref'd n.r.e.).

That is entirely different than the situation presented in this case, where the live pleading refers to Elishah Sawyers, individually and d/b/a PAX CRATE & FREIGHT, INC.– CR 3– along with PAX CRATE & FREIGHT, INC., CR 4, the citation is addressed to Pax Crate & Freight (but not Pax Crate & Freight, Inc.)– CR 35, and the return of service shows service only on Elishah

Sawyers (with no reference at all to either Pax Crate & Freight or Pax Crate & Freight, Inc.).  CR 35.  The errors and inconsistencies throughout the live pleading, the citation and the return of service plainly create confusion as to who was sued, in what capacity, who was served, and in what capacity.  In that regard, this case is factually closer to *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 884 (Tex. 1985), wherein the Supreme Court of Texas invalidated a default judgment because the petition identified the registered agent as "Henry Bunting, Jr.," but the citation and return referred to "Henry Bunting."  The Sawyers' and Pax Crate's fourth and fifth issues should be sustained.

**No Citation on Elishah and Robin Sawyers - Incorrect Address**

In the sixth issue on appeal, the Sawyers and Pax Crate informed the Court that valid service was not obtained on Robin Sawyers and Elishah Sawyers because the return of service contained an incorrect zip code in the Sawyers' address.  Brief of Appellants at 30-31.

In response, the Carters cite to a 2006 Fort Worth Court of Appeals memorandum opinion holding that a minor variation in the address for service contained in the return of service is insufficient to invalidate service.  Brief of Appellees at 24.

In venturing back 9 years and 250 miles to the north-northwest, the

Carters ignored an opinion from this very Court less than one year ago:

> A typographical error concerning the defendant's address in the return of service does not constitute strict compliance with the rules governing service and is grounds for setting aside a default judgment. *See Royal Surplus Lines Ins. Co. v. Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992) (*per curiam*) (affirming court of appeals' reversal of default judgment when citation was sent to "1201 Bassie" when registered agent's correct address was "1201 Bessie"); *see also Uvalde Country Club*, 690 S.W.2d at 885 (holding no strict compliance when original petition stated entity could be served by serving its registered agent "Henry Bunting, Jr." and return of service stated that sheriff served "Henry Bunting").

*Landagan v. Fife*, No. 01-13-00536-CV, 2014 WL 2809813, at *4 (Tex. App.–

Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.).

Based upon this Court's opinion in *Landagan*, valid service was not

obtained on Robin Sawyers and Elishah Sawyers.  The address on the return

of service was incorrect due to the presence of an incorrect zip code.  Brief

of Appellants at 30-31, CR 32-33.  Accordingly, the Sawyers' and Pax Crate's

sixth issue on appeal should be sustained.

### No Accurate Description of What Pleading was Served

In the seventh and eighth issues on appeal, the Sawyers and Pax Crate

establish that valid service was not obtained because "an accurate description

of what pleading was served" is absent from all three returns of service in

violation of Texas Rule of Civil Procedure 107(b)(3), and absent from all three citations in violation of Texas Rule of Civil Procedure 99(b)(4).

In response, the Carters inexplicably tell this Court that "the citation, return of service, and petition provide the required description of the pleading served as "Plaintiffs' Original Petition and Request for Permanent Injunction." Brief of Appellees at 25.

The certified mail citation addressed to Elishah Sawyers plainly states that the pleading accompanying it is "Plaintiff's ORIGINAL PETITION" (capitalized emphasis in original), and not "Plaintiffs' Original Petition and Request for Permanent Injunction." CR 32. The same is true of the certified mail citation addressed to Robin Sawyers. CR 33. The citation addressed to "Pax Crate & Freight" (and not Pax Crate & Freight, Inc.), expressly states that "Plaintiff's Original Petition" accompanies the citation, and not "Plaintiffs' Original Petition and Request for Permanent Injunction." CR 35. The Sheriff's Return pertaining to alleged service on Elishah Sawyers refers to the served pleading only as "Plaintiff's Petition." CR 35. The Carters' representation to this Court that "the citation, return of service, and petition provide the required description of the pleading served as "Plaintiffs' Original Petition and Request for Permanent Injunction," is both inaccurate and

-27-

disappointing.  Brief of Appellees at 25.

The return of service is not a trivial, formulaic document. It has long been considered prima facie evidence of the facts recited therein. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).  "The officer's return does not cease to be prima facie evidence of the facts of service simply because the facts are recited in a form rather than filled in by the officer.  It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. Tex.R.Civ.P. 99(a). This responsibility extends to seeing that service is properly reflected in the record."  *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994).

In this case, the only alleged service reflected in the three returns of service is "the petition," CR 32, 33 or "Plaintiff's Petition," CR 35, but not "Plaintiffs' Original Petition and Request for Permanent Injunction." Accordingly, the record does not reflect valid service on the Sawyers or Pax Crate.

### No File Mark on Sawyers Returns of Service = No Service

In the ninth issue presented, Robin Sawyers and Elishah Sawyers advised the Court that the absence of any clerk's file mark on the returns of service addressed to Robin Sawyers and Elishah Sawyers there is no proper

service by certified mail on Robin Sawyers or Elishah Sawyers. Tex. R. Civ. P. 107(h). Brief of Appellants at 34-35.

The Carters advise the Court that Rule 107(h) merely requires proof of service to be on file with the clerk for at least 10 days under factual circumstances not present in this case. Brief of Appellees at 26-27. The Carters are mistaken.

Rule 107(h) states that "no default judgment shall be granted in any cause until proof of service as provided by this rule or by Rules 108 or 108a, or as ordered by the court in the event citation is executed by an alternate method under Rule 106, shall have been on file with the clerk of the court ten days exclusive of the day of filing and the day of judgment." Rule 108 and Rule 108a pertain to service of process in another state (Rule 108) or in a foreign country (Rule 108a). The Carters sought service on the Sawyers and Pax Crate in the State of Texas. CR 32, 33, 35. Therefore, the clause addressing Rules 108 and 108a should not be considered for purposes of analysis in this case. Further, the clause addressing "an alternative method under Rule 106" also does not apply since the Carters did not seek service upon the Sawyers or Pax Crate pursuant to Texas Rule of Civil Procedure 106(b). *See Blackburn v. Citibank (South Dakota) N.A.*, 2006 WL 1629770,

No. 05-05-01082-CV (Tex. App.– Dallas 2006, no pet.) (mem. op.) ("alternative method" means substituted service under Rule 106(b)). As a result, the Carters were obligated to ensure that the record establishes proof of service on file for at least ten days exclusive of the day of filing and the day of judgment. Tex. R. Civ. P. 107(h).

The Carters inform this Court that the Sawyers were served on July 14, 2014, citing the date on the certified mail green cards for that proposition. Brief of Appellees at 26. They conclude that since "the default judgment was granted almost two months later on September 12, 2014, CR 50-51, "the required 10-day period was met." Brief of Appellees at 26. However, the Carters' conclusion cannot be drawn from the facts available on the face of the record.

What if the United States Postal Service misplaced the certified mail receipts and they were not found and delivered to the Waller County District Clerk's office until September 5, 2014? That period from September 5, 2014 to September 12, 2014, is insufficient to comply with the ten-day requirement set forth in Rule 107(h). A clerk's file mark on the certified mail receipt, showing the date that the receipt came back into possession of the Waller County District Clerk, could certainly establish the date that proof of service

-30-

(the certified mail receipts) came into the Waller County District Clerk's possession for the requisite period prior to default judgment. But the absence of any such file stamp on the returns of service makes it impossible to know whether or not the returns of service were "on file for at least ten days exclusive of the day of filing and the day of judgment." Tex. R. Civ. P. 107(h).

*Lefton v. Griffith*, 136 S.W.3d 271 (Tex. App.– San Antonio 2004, no pet.) provides no support for the Carters' position. In *Lefton*, the defendants complained that although the returns of service bore file marks showing the date that the returns of service were filed, the file stamp had not been signed by a representative of the District Clerk's Office. *Lefton*, 136 S.W.3d at 280. In the present case, the Sawyers and Pax Crate make no complaint about any missing "signature." Complaint is made about the missing file mark. Therefore, *Lefton* simply does not apply.

For all of the foregoing reasons, the Carters' failure to ensure compliance with Texas Rule of Civil Procedure 107(h) for the requisite period prior to entry of default judgment establishes that service, if any, failed to comply with the applicable Texas Rules of Civil Procedure as a matter of law.

**The Order Granting Default Judgment is Interlocutory**

The Carters cite no authority for their proposition that the unilateral act of the Waller County District Clerk in preparing an abstract of judgment that does not contain prejudgment interest somehow constitutes a "waiver" of prejudgment interest by the Carters. Brief of Appellees at 29. The undersigned has found no authority of any kind, despite diligent search, standing for the proposition that a district clerk's ministerial completion of her duties somehow constitutes a waiver of remedy by one of the parties to the lawsuit.

The only case cited in this section of the Carters' brief– *Jones v. Griege*, 803 S.W.2d 486, 487-88 (Tex. App.– Dallas 1991, no writ), addresses a party's intentional and knowing conduct in filing a written waiver with the clerk of a court. No such written waiver exists in this case. Therefore, *Griege* provides no authority for the proposition that a clerk's preparation of an abstract of judgment constitutes some sort of intentional and knowing "waiver" of a remedy by a party to the lawsuit.

The trial court's failure to grant any relief on the Carters' request for two permanent injunctions also makes the Order Granting Default Judgment interlocutory. The Court need only compare the Carters' injunction pleadings

-32-

to the Order Granting Default Judgment to see that.

The Carters pleaded for a **permanent** injunction against the "use of excessively loud dirt bikes or other ATV's on the Defendants' property," and on the moving of Pax Crate to the real property in question. CR 6-7. The trial court did not grant any **permanent** injunction whatsoever. CR 50-51. The word "permanent" or "permanently" never appears in the Order Granting Default Judgment. CR 50-51. The so-called injunction does not state who is enjoined from taking what action, for what period of time. As a result, it lacks the necessary certainty to finally resolve the pleaded issues between the Carters and the Sawyers. CR 6-7, 50-51.

The language used by the trial court is almost identical to the language used in *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.– Amarillo 1982, no writ) and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71 (Tex. App.– Amarillo 1995, writ denied), and declared to be insufficient to constitute a final judgment.

In those cases, the trial courts issued orders stating that motions for summary judgment were granted, but failed to include decretal language expressly resolving the pleaded dispute between the parties. In each case, the court of appeals concluded that an order granting a particular motion, but

failing to expressly set forth the relief awarded, made the order in question interlocutory, and not a final, appealable judgment.

**Legally and Factually Insufficient Evidence Supports Damages**

The record in this appeal lacks legally and factually sufficient evidence to support the ***amount*** of damages awarded by the court. Evidence must be provided to establish both the existence of compensable damages and to justify the amount awarded. *Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996). *See also Bentley v. Bunton*, 94 S.W.3d 568, 605 (Tex. 2002).

In this case, no evidence establishes how the trial court determined that actual damages of $480,000 were appropriate and supported. As a result, that award cannot stand.

WHEREFORE, PREMISES CONSIDERED, Appellants, Elishah Sawyers, Pax Crate & Freight, Inc., and Robin Sawyers pray that the Court grant the relief sought in their Brief of Appellants in this appeal.

Respectfully submitted,

LAW OFFICES OF SCOTT ROTHENBERG

　　/s/　　Scott Rothenberg　　　　　　
SCOTT ROTHENBERG
scott@rothenberglaw.com email
State Bar No. 17316750
2777 Allen Parkway, Suite 1000
Houston, Texas 77019-2165
(713) 667-5300 telephone
(713) 667-0052 telecopier
**COUNSEL FOR APPELLANTS,**
**ELISHAH SAWYERS,**
**PAX CRATE & FREIGHT, INC.,**
**and ROBIN SAWYERS**

## Certificate of Compliance

Based upon the word counting function of Wordperfect X4 for Windows, this Amended Reply Brief of Appellants contains 7,483 words excluding the portions of the brief excluded in Texas Rule of Appellate Procedure 9.4(i)(1).

　　　/s/　Scott Rothenberg　　　　　　
　　SCOTT ROTHENBERG

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been forwarded by e-filing and e-service to all lead counsel of record, on this 29th day of April, 2015, as follows:

Mr. Bruce C. Tough
The Tough Law Firm
819 Crossbridge Drive
Spring, Texas 77373
(281) 681-0808 telephone
(281) 681-0809 fax
btough@toughlawfirm.net - email

/s/   Scott Rothenberg
SCOTT ROTHENBERG
