

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00374-CV

Amber **WRAY**,
Appellant

v.

Jonathon A. **PAPP**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-12563
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:         Catherine Stone, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  May 21, 2014

REVERSED AND REMANDED

This is a restricted appeal from a final divorce wherein Appellant Amber Wray defaulted.

We reverse the trial court's order and remand the cause to the trial court for a new hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Amber Wray and Appellee Jonathon Papp married on December 28, 2007, and

are the parents of a minor child born May 12, 2004.  Wray and Papp separated in August 2011,

and Papp moved to Texas with the minor child.  On August 3, 2012, Papp filed for divorce and on

September 11, 2012, Wray filed her answer.  The following month, on October 14, 2012, Papp

filed an amended divorce petition and mailed a certified copy of such to Wray, notifying Wray of the final hearing on the merits set for December 13, 2012. Although Papp offered a United States Postal Service tracking sheet indicating Wray received the certified letter on October 25, 2012, the record does not contain a copy of the return.

Papp appeared pro se at the hearing. However, Wray was still living in Mississippi and did not appear. Wray was not present; yet, the divorce decree indicates "[t]he making of a record of testimony was waived by the parties with the consent of the Court." Papp was appointed sole managing conservator of their minor child and Wray was ordered to pay $200 per month in child support and $25 per month for health insurance. Wray did not sign or agree to the final divorce decree. On June 14, 2013, Wray filed this restricted appeal.

### RESTRICTED APPEAL

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of PA. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). The record clearly demonstrates that Wray satisfies elements two and three. Papp appears to challenge both the first and fourth requirements.

### A. Restricted Appeal Must Be Filed within Six Months after the Judgment is Signed

The trial court signed the divorce decree on December 13, 2012. Wray's restricted appeal was filed June 14, 2013. A restricted appeal must be filed within six months after the trial court signs its judgment. TEX. R. APP. P. 26.1(c). An appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the notice, the appealing party files a notice of appeal with the trial court and a motion for extension of time. TEX. R. APP. P. 26.3. A

motion for extension of time is implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). On August 19, 2013, this court determined Wray's explanation that the late filing was due to a mistake in calculation and her inability to timely secure legal counsel was satisfactory. We, therefore, conclude Wray's notice of appeal was timely filed. TEX. R. APP. P. 26.1(c), 26.3.

**B.      Error is Apparent on the Face of the Record**

A record is required to be made in all suits involving the parent-child relationship unless waived by the parties with the consent of the court. TEX. FAM. CODE ANN. § 105.003(c) (West 2014). Although the order in question recites the parties waived the making of a record, Wray was neither present nor represented by counsel at the hearing; therefore, the making of the record could not be waived as to Wray, and the trial court erred in consenting to the waiver of the record. *In re K.B.R.*, No. 07–07–0098–CV, 2008 WL 2467375, at *2 (Tex. App.—Amarillo June 20, 2008, no pet.) (mem. op.); *In re Vega*, 10 S.W.3d 720, 722 (Tex. App.—Amarillo 1999, no pet.). The trial court's error is reversible and constitutes error on the face of the record because we cannot evaluate the sufficiency of the evidence to support the trial court's order without a reporter's record. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 646 (Tex. 1985); *Baker v. Baker*, No. 03–09–00455–CV, 2010 WL 2010817, at *1 (Tex. App—Austin May 18, 2010, no pet.) (mem. op.); *In re M.E.P.*, No. 2–05–148–CV, 2006 WL 417096, at *3 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.).

Accordingly, we reverse the trial court's order and remand the cause for a new hearing.

Patricia O. Alvarez, Justice