**Opinion issued December 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-16-00441-CV

_____

**FJR SAND, INC., Appellant**

**V.**

**ESSEX INSURANCE COMPANY, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1062004**

---

## MEMORANDUM OPINION

Appellant, FJR Sand, Inc., attempts to bring a restricted appeal from a final default judgment, signed on November 10, 2015. We dismiss the appeal.

Generally, a notice of restricted appeal must be filed within six months after the judgment is signed. *See* TEX. R. APP. P. 26.1(c); *see also Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating elements necessary for restricted appeal are (1) notice of restricted appeal must be filed within six months after judgment is signed, (2) by party to lawsuit, (3) who did not participate in hearing that resulted in judgment or file timely postjudgment motion or request for findings of fact and conclusions of law, and (4) face of record must disclose claimed error). The time to file the notice of appeal may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding motion for extension of time is implied when appellant, acting in good faith, files notice of appeal beyond rule 26.1 deadline but within rule 26.3 fifteen-day extension period); *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.) (discussing extension of time to file notice of restricted appeal) (citations omitted).

Here, the trial court signed the final default judgment on November 10, 2015. Appellant's notice of appeal, therefore, was due by May 11, 2016, or by May 26, 2016, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1(c), 26.3; *Verburgt*, 959 S.W.2d at 617; *see also Clopton v. Pak*, 66 S.W.3d 513, 515–16 (Tex. App.—Fort Worth 2001, pet. denied) (concluding, under Texas Rule of Appellate Procedure

4.1(a), day order was signed was not included in calculating the deadline for notice of appeal). Appellant filed the notice of appeal on May 27, 2016.

On September 8, 2016, we notified appellant that the appeal was subject to dismissal for want of jurisdiction unless, by September 22, 2016, appellant filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). Appellant has not adequately responded.

Appellant's notice of appeal, filed on May 27, 2016, was untimely. Further, appellant did not file a timely motion for an extension of time to file the notice of appeal, and a motion cannot be implied because appellant filed the notice of appeal beyond the fifteen-day extension period. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (citing TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 615). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b); *see also Cartmill v. Cartmill*, No. 14-06-00583-CV, 2006 WL 2164721, at *1 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, pet. denied) (mem. op.) (citations omitted) ("Once the fifteen-day extension period for filing a notice of appeal has passed without filing a notice of appeal, a party can no longer invoke the appellate court's jurisdiction."). We, therefore, dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Hoge v. Griffin*, No. 14-03-00062-CV, 2003 WL 359157, at *1 (Tex. App.—Houston [14th Dist.] Feb. 20, 2003, no pet.) (mem. op.) (dismissing appeal because notice of appeal that was not

3

filed within six months of dismissal order was untimely). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.