# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00669-CV

---

**Office of the Attorney General of Texas, Appellant**

**v.**

**Darrick Koponen, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF LAMPASAS COUNTY
### NO. 19654, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In this restricted appeal arising out of Darrick Koponen's suit to modify the parent-child relationship, the Office of the Attorney General (the OAG) challenges the trial court's order (the Order) as to the judgment on child support arrearages.[1] The OAG complains that the trial court convened a hearing without the OAG present and waived the making of the reporter's record without the OAG's consent; therefore, the OAG argues, reversal is required. Koponen did not file a response in this Court. Agreeing with the OAG, we reverse the Order as to the judgment on child support arrearages and remand this cause for further proceedings.

---

[1] In its brief, the OAG stated, "Because the OAG has a limited statutory duty to establish, modify, collect and enforce child support obligations, this appeal is limited to the trial court's judgment on child support arrearages only." Accordingly, the OAG "does not request any review of any determination of conservatorship, or child possession and access in the trial court's default judgment."

## DISCUSSION[2]

"A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a hearing that resulted in a judgment against the party." *In re K.B.R.*, No. 07-07-00098-CV, 2008 WL 2467375, at *1 (Tex. App.—Amarillo June 20, 2008, no pet.) (mem. op.) (citing Tex. R. App. P. 30). To prevail in a restricted appeal, the OAG must prove that: (1) the OAG filed notice of restricted appeal within six months after the Order was signed; (2) the OAG was a party to the underlying lawsuit; (3) the OAG did not participate at the hearing that resulted in the Order and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam).

The OAG timely filed notice of its restricted appeal within the six month deadline following the signing of the judgment or order. *See* Tex. R. App. P. 26.1(c), 30. The trial court signed the Order on April 6, 2018. Because October 6—six months after April 6—was a Saturday, the deadline for the notice of restricted appeal fell on Monday, October 8, the day the OAG filed notice. *See id.* R. 4.1(a).

The OAG was a party to the underlying lawsuit. The OAG filed the original petition in the suit affecting the parent-child relationship on June 11, 2015, and the trial court signed a final order on December 22, 2015. Koponen filed his petition to modify the parent-child relationship on April 18, 2017. Koponen's petition listed the OAG as an affected party—a

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, .4.

"Title IV-D Agency with an interest in this case"[3]—and certified that the OAG was served. *See* Tex. Fam. Code § 156.004 (providing that Texas Rules of Civil Procedure apply to suit for modification); Tex. R. Civ. P. 79 ("The petition shall state the names of the parties[.]"). The OAG, "representing only the interests of the State of Texas," answered with a general denial.

The Order does not indicate that the OAG appeared or participated in the hearing, although it recites that Koponen appeared but the respondent mother did not. The Order was approved as to form by Koponen's attorney and approved as to form and substance by Koponen and the respondent mother, but the signature block for the OAG is blank. Additionally, the record does not provide any indication that the OAG received notice of the hearing, participated in the hearing, filed any post-judgment motions, or requested findings of fact and conclusions of law.

Finally, error is apparent on the face of the record. Because the OAG answered Koponen's petition to modify the parent-child relationship, the Order is a "post-answer default" with different rules applying than to a default judgment following a failure to answer. *See* *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). "[A] post-answer default 'constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer,'" and "[b]ecause the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must prove its claim." *Id.* (quoting *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). Thus, Koponen had the burden to establish the grounds for modification of child support by a preponderance of the evidence. *See* Tex. Fam. Code § 156.401 (providing that court may

---

[3] "The OAG is the designated IV-D agency in Texas and has the power to enforce child support orders and collect and distribute support payments." *Office of Att'y Gen. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing Tex. Fam. Code §§ 231.001, .101(a)(5)–(6)).

modify order for support of child by demonstrating, among other things, that circumstances of child or person affected by order have materially and substantially changed); *Coburn v. Moreland*, 433 S.W.3d 809, 829 (Tex. App.—Austin 2014, no pet.) ("The party seeking modification has the burden to establish these elements by a preponderance of the evidence.").

But here no reporter's record was filed and we therefore cannot evaluate the sufficiency of the evidence to support the trial court's order as to the child support. "[T]he face of the record consists of all papers on file in the appeal, including the reporter's record." *Arbogust v. Graham*, No. 03-17-00800-CV, 2018 WL 3150996, at *1 (Tex. App.—Austin June 28, 2018, no pet.) (mem. op.) (citing Tex. R. App. P. 30; *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). The making of a record is required in all suits involving the parent-child relationship unless waived by the parties with the consent of the court. *See* Tex. Fam. Code § 105.003(c). Although the Order recites that "[t]he making of a record of testimony was waived by the parties with the consent of the Court," it is unclear how the making of the record could have been waived as to the OAG because the OAG was neither present nor represented by counsel at the hearing; accordingly, the trial court erred in consenting to the waiver of the record. *See Arbogust*, 2018 WL 3150996, at *1 n.2; *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.); *see also In re K.B.R.*, No. 07-07-00098-CV, 2008 WL 2467375, at *2 (Tex. App.—Amarillo June 20, 2008, no pet.) (mem. op.) ("[W]here a party is neither present nor represented by counsel at the hearing, the making of the record cannot be waived as to the absent party and a trial court commits error in consenting to the waiver of a record."). The trial court's error is reversible and constitutes error on the face of the record. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 646 (Tex. 1985); *Arbogust*, 2018 WL 3150996, at *2; *Wray*, 434 S.W.3d at 299.

**CONCLUSION**

We therefore reverse the trial court's order as to the judgment on child support arrearages and remand this cause for further proceedings. *See* Tex. R. App. P. 43.2(d), 44.1(b).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Reversed and Remanded

Filed: June 25, 2019