

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00221-CV

Tommy Lee **BROWN**, Jr.,
Appellant

v.

Sandra Ann **BROWN**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI06544
Honorable Laura Salinas, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: December 11, 2019

AFFIRMED

Tommy Lee Brown, Jr. appeals a final divorce decree asserting the trial court abused its discretion in dividing the community property assets and debts when the parties did not enter into a settlement agreement and the trial court did not have sufficient evidence upon which to exercise its discretion. We affirm the trial court's judgment.

### BACKGROUND

Tommy and Sandra were married in 1985, and Sandra filed a petition for divorce in 2017. The divorce decree recites the case was called for trial on December 6, 2018. The divorce decree

also recites both Tommy and Sandra appeared in person and through their respective attorneys of record and announced ready for trial. The divorce decree further recites, "A jury was waived, and questions of fact and of law were submitted to the Court." In the divorce decree, the trial court finds Tommy and Sandra did not have any minor children and also finds the division of property set forth in the divorce decree is a just and right division of the parties' marital estate. The trial court signed the divorce decree on January 10, 2019, noting the divorce was judicially pronounced and rendered on December 6, 2018.

Tommy filed a timely motion for new trial which the trial court denied after a hearing. Tommy appeals.

## DISCUSSION

In his second issue on appeal, Tommy asserts "the trial court erred by acting as if the decree was based on a settlement agreement entered into between the parties when no such agreement was present." This assertion, however, is contrary to the recital in the divorce decree which states all "questions of fact and of law were submitted to the Court" for a decision. Accordingly, nothing in the record supports Tommy's assertion. In fact, at the hearing on Tommy's motion for new trial, both attorneys acknowledged the trial court reached a decision after a hearing in chambers, and the trial court recalled valuing the property based on the stipulated numbers provided by the attorneys with the exception of one house which the trial court valued based on an appraisal submitted by Tommy. Accordingly, the record does not support Tommy's assertion that the divorce decree was based upon a non-existent settlement agreement. Tommy's second issue is overruled.

In his first issue, Tommy asserts the record does not contain any evidence to support the trial court's division of property. Accordingly, Tommy contends the trial court abused its

discretion in dividing the property in the absence of a contested hearing or trial which would provide the parties with the opportunity to testify and present evidence.

The Texas Family Code provides a trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. We review a trial court's division of the parties' estate under an abuse of discretion standard of review by engaging in the following two-pronged inquiry: "(1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion?" *Roberts v. Roberts*, 531 S.W.3d 224, 231 (Tex. App.—San Antonio 2017, pet. denied) (internal quotation marks omitted). "[A] trial court does not abuse its discretion if there is some evidence of a substantive and probative character that supports its decision." *Ngwu v. Toni*, No. 04-18-00762-CV, 2019 WL 3307913, at *1 (Tex. App.—San Antonio July 24, 2019, no pet.) (mem. op.). In addition, "[w]e consider every reasonable presumption in favor of the trial court's division of property." *Roberts*, 531 S.W.3d at 232.

When an appellant asserts on appeal that the trial court abused its discretion, "he bears the burden of providing a record showing an abuse of discretion." *Ngwu*, 2019 WL 3307913, at *2. Although the divorce decree entered by the trial court in the instant case recites a record was made, the parties conceded in their briefs that no such record was actually made. A party may waive the making of the record by not objecting to the failure to record the proceedings.[1] *Campbell v.*

---

[1] We note this is not an appeal from a suit involving the parent-child relationship where the party was neither present nor represented by counsel at the hearing. *But see Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.) (reversing trial court's judgment in suit involving the parent-child relationship where party was not present or represented by counsel at the hearing and no record was made) (citing TEX. FAM. CODE ANN. § 105.003(c)); *Jouette v. Gonzales*, No. 04-99-00744-CV, 2000 WL 1060390, at *1 (Tex. App.—San Antonio July 19, 2000, no pet.) (not designated for publication) (distinguishing opinions in appeals involving suits affecting the parent-child relationship to hold absence of a reporter's record did not establish error on the face of the record in appeal challenging trial court's property division in a divorce proceeding where the parties did not have children).

*Campbell*, No. 02-12-00313-CV, 2014 WL 1999318, at *1 (Tex. App.—Fort Worth May 15, 2014, no pet.) (mem. op.); *Benjamin v. Benjamin*, No. 01-10-01003-CV, 2013 WL 4507848, at *2 & n.2 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.). Here, the divorce decree recites Tommy appeared in person and through his attorney of record, but "the clerk's record does not demonstrate that [Tommy] requested a reporter's record to be made or objected to the failure to record the proceeding." *Ngwu*, 2019 WL 3307913, at *2. "It is the appellant's burden to present an appellate record that substantiates his arguments on appeal." *Id*. "Without a record of the proceedings before the trial court, we cannot review [Tommy's] complaint that the trial court lacked sufficient evidence to reach its ruling, and we must presume the reporter's record would support the trial court's judgment." *Id*. Accordingly, Tommy's first issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice