

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00867-CV

Mateo **PEREZ**,
Appellant

v.

Gabrielle **MEJIA**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-12831
Honorable David A. Canales, Judge Presiding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: September 23, 2020

REVERSED AND REMANDED

This is a restricted appeal from a default judgment rendered in a divorce, which involved a child. In three issues, Mateo Perez challenges the trial court's default judgment. Because a record was not made of the hearing that resulted in the trial court's default decree of divorce, we reverse the trial court's judgment and remand the cause for a new trial.

---

[1] The Honorable Rosie Alvarado is the presiding judge of the 438th Judicial District Court, Bexar County, Texas. The Honorable David A. Canales, sitting by assignment, signed the default decree of divorce that is the subject of this appeal.

## BACKGROUND

Gabrielle Mejia filed an original petition for divorce on July 12, 2018. The petition alleges that Mejia and Perez were married in 2013, and are the parents of a minor child that was born in February 2015. On July 17, 2018, Mejia filed a motion for temporary orders and a hearing was set on the motion on August 1, 2018. Shortly thereafter, the hearing on the motion was dropped by Mejia.

Approximately a year later, the trial court signed a final decree of divorce on August 8, 2019. Perez did not file an answer and did not otherwise appear, personally or through counsel, during the proceeding that resulted in the final decree of divorce. According to Perez, he was not provided notice of the proceedings that took place on August 8, 2019. In its default judgment, the trial court granted the divorce, designated Mejia and Perez as joint managing conservators of the parties' child, named Mejia as the parent with the exclusive right to designate the child's primary residence and school, ordered that the parties comply with a standard possession order, ordered Perez to pay child support, and divided the marital estate and the community debt.

On December 16, 2019, Perez filed a notice of restricted appeal.

## RESTRICTED APPEAL

In order to prevail in a restricted appeal, Perez must prove that: (1) he filed a notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam).

It is undisputed that Perez has established each of the four elements. Here, the default divorce decree was signed on August 8, 2019. Perez filed a notice of restricted appeal on

December 16, 2019, within six months after the divorce decree was signed. The record demonstrates that Perez was a party to the underlying suit. The record also demonstrates that Perez did not participate at the hearing that resulted in the complained-of divorce decree. The divorce decree states, "Respondent, Mateo Perez, although duly and properly cited, did not appear and wholly made default." Additionally, the record indicates that Perez did not file any post-judgment motions or requests for findings of fact and conclusions of law.

The last and final element is met because error is apparent on the face of the record. The face of the record consists of all papers on file in the appeal, including the reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). Perez argues error is apparent on the face of the record because a record was not made of the hearing that resulted in the underlying default judgment. The parties do not dispute the non-existence of a reporter's record, and the divorce decree confirms that a record was not made of the hearing: "The making of a record of testimony was waived by the parties with the consent of the Court." "A record is required to be made in all suits involving the parent-child relationship unless waived by the parties with the consent of the court." *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.) (citing TEX. FAM. CODE ANN. § 105.003(c)). Here, because the divorce decree also adjudicated issues of conservatorship, possession, and child support, a record of the hearing in the underlying action was required. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985), *abrogated in part on other grounds by Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020). Although the divorce decree recites that the parties waived the making of a record, "where, as here, a party is not present nor represented by counsel at the hearing, the making of [a] record cannot be waived as to the absent party and a trial court commits error in consenting to the waiver of a record." *In re Vega*, 10 S.W.3d 720, 722 (Tex. App.—Amarillo 1999, no pet.). Because a record was not made of the hearing that resulted in the underlying default judgment and because Perez

did not waive that right, error is apparent on the face of the record. *See Wray*, 434 S.W.3d 297 at 299 ("The trial court's error is reversible and constitutes error on the face of the record because we cannot evaluate the sufficiency of the evidence to support the trial court's order without a reporter's record.").

Mejia concedes that the error requires reversing and remanding the cause to the trial court for a new hearing. However, Mejia argues the scope of remand should be limited to certain issues pertaining to the distribution of community assets and debts and issues involving the child. Mejia argues for this limited scope because, she asserts, Perez challenges only portions of the divorce decree on appeal. We disagree. Perez is challenging the default divorce decree in its entirety, and not merely those portions of the divorce decree asserted by Mejia. In his requested relief, Perez requests that the *entire* divorce decree be reversed due to the trial court's error in failing to have a record made of the hearing underlying this suit. Accordingly, consistent with Perez's requested relief, we reverse the trial court's default divorce decree and remand the cause for a new trial. *Compare Wray*, 434 S.W.3d 297 at 299–300 (reversing and remanding the entire cause for a new hearing because of the trial court's failure to make a record of the hearing in a default divorce suit that involved the parent-child relationship in contravention of Texas Family Code section 105.003(c)), *with Sherrill v. Sherrill*, No. 02-14-00077-CV, 2015 WL 599384, at *2 (Tex. App.— Fort Worth Feb. 12, 2015, no pet.) (mem. op. on reh'g) (reversing and remanding a portion of the trial court's default judgment for failure to make a record because the appellant specifically indicated that he challenged only a portion of the judgment on appeal and prayed that the court affirm the trial court's default judgment in all other respects).

**CONCLUSION**

We reverse the trial court's judgment and remand the cause for a new trial.[2]

Rebeca C. Martinez, Justice

---

[2] Because Perez's argument regarding the trial court's error in failing to make a record of the hearing that resulted in the underlying default judgment is dispositive, we need not address Perez's remaining arguments on appeal. *See* TEX. R. APP. P. 47.1.