

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00368-CV

**IN THE INTEREST OF L.A.S.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2019EM500341
Honorable Laura Salinas, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: December 6, 2023

REVERSED AND REMANDED

Appellee Amy Ovalle filed a petition to modify the parent-child relationship with Appellant Jerry Sanchez, Jr. Sanchez filed a pro se answer objecting to the petition. A year and a half later, after several hearings for temporary orders, a hearing was held for final orders, but Sanchez was not present, and no record was taken. The trial court granted Ovalle's petition to modify. Sanchez received notice of the order and filed a timely motion for new trial. The motion for new trial was denied,[1] and Sanchez appealed. We reverse the trial court's judgment and remand for a new final orders hearing.

On September 8, 2020, Ovalle filed a petition to modify an earlier order regarding the parent-child relationship with Sanchez, because circumstances had "materially and substantially

---

[1] Signed by the Honorable Monique Diaz.

changed:" namely, Sanchez's residence had changed "and continues to change." Ovalle stated that she anticipated the parties would "enter into a written agreement containing provisions for modification of the order providing for conservatorship of the child," "possession and access to the child," and "support of the child." On October 16, 2020, Sanchez responded that 1) he received the petition on September 23, 2020, and 2) he did not agree with it and wished to be informed of future court dates. No hearing was set until May 2021. Between May and November 2021, there were three settings for temporary orders. In December 2021, Ovalle moved for final orders to be set. The hearing was set on the Presiding Court calendar for January 18, 2022. At the January 18, 2022 hearing, no record was taken, and Sanchez was not present. On March 21, 2022, the trial court signed Ovalle's order granting her requested modification to the existing parent-child relationship order. The order expressly stated that the "making of a record of testimony was waived by the parties with the consent of the court." On April 19, 2022, Sanchez filed a motion for new trial arguing the final order should be set aside because 1) the notice emailed to him regarding the court setting went to his "spam" folder, meaning that his absence "was due to accident or mistake, and not due to conscious indifference," and 2) the fact that no record was taken at the hearing was reversible error. At the hearing on Sanchez's motion for new trial, he stated that no record was taken at the hearing and argued that the lack of a record constituted error. Ovalle did not dispute that no record was taken of the January 18, 2022 hearing. She argued that Sanchez had to outline his meritorious defense in his motion for new trial, as required by *Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. 1939), which he did not do. *See In re R.H*., 75 S.W.3d 126, 131 (Tex. App.—San Antonio 2002, no pet.), *overruled on other grounds by In re K.C*., 88 S.W.3d 277, 279 (Tex. App.—San Antonio 2002, pet. denied). The trial court denied the motion, and Sanchez appealed.

**FAILURE TO MAKE A RECORD OF THE FINAL ORDERS HEARING**

Under Texas Family Code section 105.003(c), Procedure for Contested Hearing, "[a] record shall be made as in civil cases generally unless waived by the parties with the consent of the court." TEX. FAM. CODE ANN. § 105.003(c); *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.) (citing *Stubbs v. Stubbs*, 685 S.W.2d 643, 646 (Tex. 1985)); *Interest of J.W.*, No. 01-18-00932-CV, 2020 WL 573259, at *2 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, no pet.) (mem. op.). Here, as in *Wray v. Papp*, the order in question inaccurately states that the parties waived the making of a record. *See Wray*, 434 S.W.3d at 299. Sanchez was neither present nor represented by counsel at the hearing. Therefore, the making of the record could not be waived as to Sanchez, and the trial court erred by failing to have a record of the hearing made. *See id.*

Ovalle now argues that because the statement in the trial court order that the "making of a record of testimony was waived by the parties with the consent of the court" was an inaccurate clerical error, that there is not a proper basis for reversal. She states that Sanchez failed to make an adequate request for the record of the January 18, 2022 hearing, and that we must presume as a result that the evidence at the hearing supported the trial court's judgment, citing *In re D.S.*, 602 S.W.3d 504, 510 n.9 (Tex. 2020), *In the Interest of G.X.H.*, 627 S.W.3d 288, 299 n.6 (Tex. 2021), and *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). Alternatively, she argues that error on its face applies only to restricted appeals, that Sanchez must establish harm in this direct appeal, and that he failed to do so.

We disagree with Ovalle's analysis. First, the final order expressly states that a reporter's record was waived at the January 18, 2022 hearing, and no evidence or affidavit refutes this recitation in the judgment. We also know that Sanchez could not have participated in any waiver of the record because he was not present at the hearing and the final order expressly states that

Sanchez "failed to appear." We presume, as we must, that these recitals in the judgment are correct. *See In re J.G.*, No. 02-22-00258-CV, 2023 WL 2179463, at *7 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op.); *Freeman v. Formosa Mgmt., L.L.C.*, No 01-15-00907-CV, 2016 WL 6803234, at *4 (Tex. App.—Houston [1st Dist.] Nov. 17, 2016, pet. denied) (mem. op.). Next, Sanchez stated both in his Motion for New Trial and in his argument at the hearing that no record was taken, and no one disputed it. We only have evidence in this case that indicates no record was taken. No evidence suggests that it was. Lastly, the fact that this is not a restricted appeal has no bearing here. The fact that no record was taken violates Texas Family Code section 105.003(c) and constitutes reversible error. *See In re J.A.G.*, No. 04-04-00009-CV, 2004 WL 1732377, at *1 (Tex. App.—San Antonio Aug. 4, 2004, no pet.) (citing *In re Vega*, 10 S.W.3d 720, 722 (Tex. App.—Amarillo 1999, no pet.). We sustain Sanchez's issue on appeal.

## CONCLUSION

Because no record was made at the hearing for final orders on January 18, 2022, we reverse the trial court's order and remand the cause for a new final orders hearing.

Patricia O. Alvarez, Justice