

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00565-CV

**IN THE INTEREST OF D.Z.C.**, a Child

From the County Court at Law, Medina County, Texas
Trial Court No. 15-03-6698-CCL
Honorable James Rausch, Associate Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: December 17, 2025

REVERSED AND REMANDED

Appellant, J.O.F.C., proceeding *pro se*, appeals from a child support review order concerning his child D.Z.C.[1]  We reverse and remand, so that a proper record can be made.

### BACKGROUND

Appellee, the Office of the Attorney General, filed a petition for the confirmation of a non-agreed child support review order.  *See* TEX. FAM. CODE. ANN. § 233.020.  Appellee sought a modification in the amounts of medical and child support that appellant was required to pay to the mother of D.Z.C.  On July 28, 2024, the trial court signed an order largely conforming to the order

---

[1] To protect the identity of the minor child who is the subject of this suit, we refer to the child and appellant by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

presented by appellee. The trial court also signed findings of fact, indicating that on July 17, 2024, an evidentiary hearing was held on the confirmation of the non-agreed order and that a record of the proceeding was made by audio recording. *See* TEX. R. APP. P. 34.6(a)(2).

Appellant timely appealed from this order. He filed a brief after only the clerk's record had been filed. Appellee then filed its brief. However, because no reporter's record had been filed and because we had not previously notified appellant of his deficiency in failing to cause a reporter's record to be filed, we issued an order specifying that if appellant wished for this appeal to be considered and decided with a reporter's record, he must make arrangements to have the reporter's record prepared and filed with this court within a month. *See id.* R. 37.3(c) (allowing decision without a reporter's record after "first giving the appellant notice and a reasonable opportunity to cure").[2]

Nearly a month later, appellant responded with a letter describing his unsuccessful attempts to secure the reporter's record from the July 17, 2024 hearing. He stated that he had contacted the court coordinator for the Medina County Court at Law, who advised him that no recording of the hearing exists. Appellant attached to his letter an email from the court coordinator, which states: "Our office has received and reviewed the recordings for that docket day and found no record of Case #15036698CCL. The Attorney General's language on the order states that a record was made however, that is not correct."

Appellee then responded in a filing:

> In his letter, appellant represents that the court coordinator of the Medina County Court at Law stated that there was not an audio recording of the hearing in existence because no such audio recording was taken. If true, appellant would be entitled to a new trial under circumstances set out in Texas Rule of Appellate Procedure 34.6(f). *See* TEX. R. APP. P. 34.6(f).

---

[2] Because the July 17, 2024 hearing was electronically recorded (as indicated on the findings), the reporter's record would have consisted of certified copies of all tapes and logs prepared by the court recorder. *See id.* TEX. R. APP. P. 34.6(a)(2); *see also id.* R. 13.2 (specifying duties of a court recorder).

The representations in the OAG's brief regarding the reporter's record were based on the items in the clerk's record including the final order on appeal. The trial court signed the final order with the finding that an audio recording of this virtual hearing had been made. As a party to the proceeding, the OAG did not administer any recording process. Therefore, the OAG cannot independently confirm or deny the existence of an audio recording of the virtual hearing.

In light of the parties' filings, we ordered the court coordinator to file a response, specifying whether an audio recording had been made of trial court proceedings and, if so, whether the recording currently exists. The court coordinator filed a response, stating:

> I was the IV-D Court Coordinator at the time of this hearing. There was a visiting Judge (Associate Judge James Rausch), sitting by assignment. There was no record made. This is a IV-D Court and generally it keeps a record by audio and video by zoom.
>
> I am no longer in the same position, as I moved with Judge Kelley T. Kimble when she became the 38th Judicial District Judge. The Office of Court Administration currently has possession of all the previous recordings for the IV-D court. It took some time to pull all those recordings to verify. We have now confirmed that there is no record for the case on Appeal.

## DISCUSSION

This appeal arises from a suit affecting the parent-child relationship ("SAPCR"). *See* TEX. FAM. CODE ANN. § 101.032(a) (defining SAPCR to include a suit in which child support is requested). The Texas Family Code requires that, for contested hearings in such suits, a record be made, "unless waived by the parties with the consent of the court." *Id.* § 105.003(c). According to the trial court's findings, evidence was heard at the July 17, 2024 hearing, and the matter under consideration was contested. However, as the court coordinator confirmed, there was no record made of the hearing, despite the trial court's findings, which inaccurately state that one was made. *Cf. In re L.A.S.*, No. 04-22-00368-CV, 2023 WL 8440518, at *2 (Tex. App.—San Antonio Dec. 6, 2023, no pet.) (mem. op.) (noting SAPCR order inaccurately stated that parties waived the making of a record); *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.)

(same). Additionally, there is nothing in the clerk's record to suggest that appellant waived the making of a record, and appellee does not contend that he had. *See* TEX. FAM. CODE ANN. § 105.003(c); *Ramirez v. Sanchez*, 871 S.W.2d 534, 535 (Tex. App.—San Antonio 1994, no writ) (reversing and remanding in SAPCR where no record was made and appellant was not present at hearing to waive the making of a record).

Therefore, based on the clerk's record and the parties' and court coordinator's filings in response to our orders, appellant has established a violation of section 105.003(c). *See* TEX. FAM. CODE ANN. § 105.003(c); *L.A.S.*, 2023 WL 8440518, at *2 ("The fact that no record was taken violates Texas Family Code section 105.003(c) and constitutes reversible error."); *see also Stubbs v. Stubbs*, 685 S.W.2d 643, 645–46 (Tex. 1985) (holding trial court's failure to ensure recording of SAPCR proceeding constituted error on the face of the record).

Moreover, the trial court's error "probably prevented . . . appellant from properly presenting [his] case" on appeal, which requires reversal. TEX. R. APP. P. 44.1(a)(2). Appellant generally complains in his brief about the sufficiency of the evidence to support the amount of medical and child support ordered, but we cannot evaluate the sufficiency of the evidence without a reporter's record. *See Wray*, 434 S.W.3d at 299 (determining that violation of section 105.003(c) was reversible error where appellant's legal sufficiency claim could not be evaluated without a reporter's record); *see also Squires v. McHale*, 691 S.W.3d 225, 229 (Tex. App.—Austin 2024, no pet.) (explaining legal and factual sufficiency of the evidence inform whether a trial court abuses its discretion by ordering the modification of child support).

Consequently, we reverse and remand for a new hearing on the confirmation of the non-agreed order. *See* TEX. R. APP. P. 43.2(d); 44.1(a)(2); *L.A.S.*, 2023 WL 8440518, at *2 (reversing and remanding for a new final-orders hearing where no record was made); *Walker v. Stefanic*, 898

S.W.2d 347, 348 (Tex. App.—San Antonio 1995, no writ) (reversing and remanding for new trial on issue of retroactive child support where reporter's record, consisting of electronic recording, was not preserved); *In re E.M.D.*, No. 10-19-00034-CV, 2021 WL 926574, at *2 (Tex. App.—Waco Mar. 10, 2021, no pet.) (mem. op.) (holding "failure to comply with the rules for making an electronic record was error" and reversing and remanding, so proper record could be made).[3]

### CONCLUSION

For the foregoing reasons, we reverse and remand this cause, so that a proper record can be made of the hearing on the confirmation of the non-agreed order.

Rebeca C. Martinez, Chief Justice

---

[3] In its letter, quoted above, appellee directs us to Rule 34.6(f) of the Texas Rules of Appellate Procedure. However, we do not apply that rule because the rule concerns a lost or destroyed record, and, here, no record was taken. *See* TEX. R. APP. P. 34.6(f).